JANUARY TERM, 1844.

LYDIA A. BARROW, *et al. v.* SAMUEL A. BARROW.

W. B. dies intestate, S. B. administers upon his estate, and leaves the country with the property of W. B. in possession ; *held*, that the court of chancery has jurisdiction of a suit by the distributees of W. B. to attach the property of S. B., left in this State, and subject it to the payment of his liability to the estate of W. B., that being clearly ascertained by the pleadings and proof, and it appearing that the ancestor's debts were all paid, and no administration then pending upon the estate.

If the debts were unpaid, or administration *de bonis non* existing, in either case, the bill would have to be filed by the administrator *de bonis non*, to subject the property for the benefit of the creditors, or ascertain the amount of the indebtedness of the first administrator.

THE bill, after reciting the names and residences of the complainants, states that William Barrow, of Madison county, in this State, died intestate, leaving complainants, his widow, and heirs at law ; that Lydia A. Barrow, the widow, one of the complainants, and Samuel Barrow, the defendant, one of the sons of William Barrow, deceased, administered upon his estate ; that Lydia A. Barrow, being infirm, left the management of the estate to Samuel Barrow, who took possession of the estate in 1838, and kept possession of it until April, 1, 1840, when he suddenly left his family and residence in Madison county, and went to Texas. That at the March term, 1840, of the Probate Court of Madison county, the letters of administration to Samuel Barrow were revoked, and Lydia A. Barrow remained sole administratrix. The bill proceeded to exhibit the indebtedness and liabilities of Samuel Barrow, to the estate of William Barrow, which amounted to $7,356·29. It exhibited the condition of the estate of their ancestor, and exhibited vouchers of the Probate Court of its settlement, and stated that one of the complainants had conveyed her interest in the realty of William Barrow, deceased, to the defendant Samuel Barrow, who was therefore seised in his own right as an heir of William Barrow, and as purchaser, of two eighths of the real estate described in the bill, as having belonged to the intestate ; that the

defendant had no other property in the United States.   The prayer of the bill was, that the interest of the defendant, in the property described, might be subjected to the satisfaction of his indebtedness to the estate of William Barrow, and for other relief.

The case was referred to a commissioner, to ascertain the amount of Samuel Barrow's deficit, who reported an indebtedness of $6,739·33.

The cause was submitted to the Chancellor upon a *pro confesso*, taken on proof of publication, against the defendant.

*Jacob F. Foute*, for complainants.   This cause is set down and submitted for hearing, on the bill, exhibits, and proofs filed, and the *pro confesso vs.* the defendant, and report of the commissioner, of amount due from defendant.

Complainants ask a decree, upon the following grounds and reasons, amongst many others that might be urged.

1. This Court has concurrent jurisdiction with courts of common law in all matters of account. Blake's Ch. Practice, 17 ; *Ludlow* v. *Simond*, 2 Caines, Cases in Error, 1 ; *Post* v. *Kimberly* 9 Johns. Rep. 470.

2. Complainants may come into this Court, not only to compel the defendant to account, but also for the sole purpose of having their own account allowed. Blake's Ch. 17 ; *Ludlow* v. *Simond*, 2 Caines, Cases in Error, 1.

But the fund being here, and subject to process of this Court, the Chancellor will liquidate complainants' claims, and decree satisfaction. 5 Monroe, 169, *Paul* v. *Rogers*.

3. This Court has jurisdiction when the remedy at law is doubtful, *incomplete*, or embarrassed, or inadequate. Jeremy's Eq. 554, &c. ; Blake's Ch. 17 ; *Rathbone* v. *Warren*, 10 Johns. Rep. 587 ; *Ludlow* v. *Simond*, 2 Caines, Cases in Error, 1 ; 1 Bibb. 305, *Buford* v. *Buford* ; 3 Littell, 222 ; 3 J. J. Marsh. 291 ; 1 Ves. 204 ; 4 Inst. 213 ; 1 Cases in Ch. 232 ; *Draper* v. *Crowther*, 2 Vent. 363 ; 1 Vern. 58 ; *Scott* v *M'Millen*, 1 Littell, 302 ; 2 Blackford, 358.

4. When this Court has jurisdiction for one purpose, it may retain it generally.   Blake's Ch. 18 ; *Rathbone* v. *Warren*, 10 Johns.

Rep. 587 ; 3 Atkyns, 263 ; 2 Atkyns, 363 ; and especially in a case like this, 5 Monroe, 169, *Paul* v. *Rogers*, Adm. ; 1 Littell, Rep. *Scott* v. *M'Millen*.

5. The case presented is one of account, which is an original and undeniable ground of equity jurisdiction.

6. The provisions of sec. 1, ch. 16, Rev. Code, 157, for attachments in chancery, embrace complainants' case fully, as we believe.

The first clause of that section provides for one class of cases, where some defendants are without the State, and other defendants are within the State ; the residence of neither class is required *to be, or to have been,* in the State, at any time. The second clause of the section, provides for *another class of cases,* in these words. "Or against any such absent defendant, or defendants, having lands or tenements within the State, &c.," which last class embraces complainants' case, and if doubts exist as to this position and construction of the section, it is suggested that the amendatory act of December 9, 1830, ch. 16, (page 20, session acts,) extends the operation of the statute and cases embraced so far and so clearly, as to dispel doubt. See also 2 Blackford's Rep. 358 ; *Kippers* v. *Glancey*, and cases there referred to.

7. The bill shows that defendant had removed beyond the limits of the United States ; hence, complainants could have no actual service of notice or process, in any suit or proceeding against him, and the complainants could not proceed by common law attachment, because that requires oath to be made of the " amount of the debt, or demand," &c. ; these complainants could not by possibility make that oath, because that amount could not be known, or even reasonably guessed at, until an account was taken and settled by some person or tribunal authorized, or having cognizance of the subject ; this Court alone has cognizance, and can by its powers properly cause the account to be taken, and, having done so, will proceed to give relief in the premises. Moreover, the common law process of attachment is intended only for, and is based upon, "debts or demands," arising upon *contracts, agreements,* or *dealings* between the parties, and not such demands or claims as those stated in this bill. And a proceeding by common law

attachment cannot be had by an executor, or administrator, for a claim or demand due the estate they represent.

8. The defendant, as complainants insist, was a trustee for them, a receiver of the profits of their estate, and in that character this Court is called upon to hold defendant to account, and give them relief, upon the general ground of jurisdiction of this Court over trustees, and to protect them against a great and serious loss, for want of an *adequate* and complete remedy at law. Jeremy's Eq. 537, 538, 554 ; 2 Edw. Ch. Rep. 64, 66, 67.

The case presented by complainants' bill, is one in which the Probate Court has neither adequate powers, nor process to relieve, nor is it a case exclusively within the jurisdiction of the Probate Court ; and if it were within its jurisdiction, under ordinary circumstances, the impossibility of reaching defendant by any process, or mode of proceeding used in, or allowable by that court, would render it powerless to relieve or protect complainants. Jeremy's Eq. 537, 538, 554 ; 2 Edw. Ch. Rep. 66, 67 ; 5 Littell, 49, 50 ; 1 Littell's Rep., *Scott* v. *M'Millen*, 305.

Defendant has in fact received, as appears from allegations, proofs, and account taken, the full amount of the value of his share or portion, as distributee of said William Barrow's estate, or perhaps more, and this large amount received by him cannot be set off, against him, or his assignee, &c., by the other distributees, or the administratrix, in any proceeding or suit that might be instituted by said defendant or his assignee, for his interest in, and for distribution of, said estate ; and defendant, a resident citizen of another republic, having nothing in this but his interest in said estate, and beyond the reach of our laws, would recover two eighths interest in said lands, and one eighth of said slaves, and of other personal property, and dispose of it, leaving complainants wholly remediless, unless this Court now interpose and relieve them. 2 Blackford's Rep. 129 ; Ib. 358, *Kipper* v. *Glancey*.

The complainant Lydia A., as widow, is interested to the amount of one eighth of the personal estate of William Barrow, deceased, and also to the extent of her dower interest in the rents and profits of the lands received by defendant, as trustee or receiver ; and the co-complainants are interested and entitled to their shares of the rents and pro-

ducts of the lands, received by the defendant ; then all the complainants are creditors of defendant, considered as trustee, and claim out of the same subject-matter, and in the same right, as jointly interested in the same fund : hence we conceive they are properly joined in this bill.

But if mistaken, in foregoing positions, we insist that Lydia A. Barrow is to be considered as the security of Samuel Barrow, in his administration bond ; and that, as such security, she is entitled to be indemnified out of the interest of Samuel Barrow, in the estate of William Barrow, deceased, now in her hands, as sole administratrix, against her liabilities as such security.

The *devastavit* of Samuel Barrow, we think, is clearly made out by the bill, proofs, exhibits, and commissioners' report ; and that he has wasted and misapplied the assets which came to his hands is fully shown ; and for all this, all the parties, on the administrator's bond, are liable ; and if so, have not these parties a right to be indemnified ? But their principal is beyond the limits of the United States ; beyond the reach of any legal process on his person. How, then, can this indemnity be secured and enforced, unless by this Court ? Securities are favorites in this Court, in the language of some jurists ; and to relieve them, is one of the most ancient, and useful, and unquestionable grounds, of equity jurisdiction.

We admit the bill does not show that Mrs. Lydia A. Barrow or other persons on the administration bond, are sued or recovery had by them ; but we insist it is not necessary she and the other securities should wait to be sued. This Court has now before it the evidence of the liability of their principal, Samuel Barrow, administrator ; and upon policy, and to prevent multiplicity of suits and circuity of action, as well as upon adjudged principles, should relieve. See *Ranelaugh* v. *Hayes*, 1 Vernon, Ch. Rep. 190 ; Theobald on Principal and Surety, p. 227, sec. 245, 246.

But suppose there be no creditors to complain of the waste of assets by Samuel Barrow, then the distributees of the estate of William Barrow, deceased, are the only parties injured by such waste ; and who can complain ? They are complainants now before the Court : have shown their rights and amount of claims. No proceeding they could adopt in probate court, or courts of common

Barrow, et al. *v.* Barrow.

law, could enable them legally to establish a *devastavit* in Samuel Barrow, or to subject his person or estate to their demands, because inconsistent with their modes of proceeding; hence, they are without remedy or relief, either against Samuel Barrow, administrator, or his sureties, unless this Court will relieve them. Upon the various grounds stated, complainants ask a final decree, and such relief as may be consistent with their case.

CHANCELLOR. This was a bill filed by the distributees of William Barrow, *deceased*, against Samuel Barrow, administrator. It is alleged in the bill, that the defendant received into his possession a large amount of the property of the intestate, and left this country with that property in possession, and fled to Texas.

The complainants state specifically, and prove, what property he took away with him, and exhibit its value ; they also state and prove that all the debts of their ancestor were paid and discharged, and that no administration on the estate now exists. Thus removing a technical objection, that might otherwise have been urged against and defeated the bill ; that is, that an administrator *de bonis non*, should have qualified, and exhibited the bill in his own name as complainant, to subject the defendant's property for the benefit of creditors, and ascertain distinctly the amount of indebtedness of the first administrator.

Freed from this objection, by its own allegations, which by the *pro confesso* and proof are fully established, the bill is a mere foreign creditor's attaching bill, to subject lands of the defendant out of this State, in the possession of defendants within the State, to the indebtedness of non-resident complainants.

A decree is therefore ordered, to be framed according to the statute.