W. C. HARPER et al. *v.* THOMAS S. TAPLEY and WIFE.

1. DEED: REGISTRATION: NOT NOTICE, UNLESS DEED REGISTERED IN COUNTY WHERE THE LAND LIES.—A deed, conveying land situated in several counties, must be registered in all of them ; its registration in one of the counties is not notice to the creditors and purchasers of the grantor, of the conveyance of the land situated in the counties where it has not been registered.

2. EVIDENCE: REGISTERED DEED: COPY.—Whether a certified copy of a deed, conveying lands situated in several counties, and which has been registered only in a part of them, is evidence, under the statute (Rev. Code, p. 516, Art. 228), in a suit respecting that portion of the lands which is situated in a county in which the deed has not been registered, *Quære?* It is admissible, upon proof of the loss of the original, and independent proof that it is a correct copy.

3. VENDOR AND VENDEE: REGISTRATION: NOTICE: PURCHASER AT EXECUTION

Harper et al. *v.* Tapley and wife.

SALE.—A purchaser at execution sale stands in a position, at least as favorable as that of the judgment creditor, and hence notice to such a purchaser, of an unregistered deed made before the rendition of the judgment, will not avoid his purchase, if it be not also shown, that the judgment creditor had notice of it before his lien attached : whether in such a case, it is not necessary to show that the creditor had notice, before the debt was contracted, *Quære ?* See *Henderson* v. *Downing*, 24 Miss. R. 106 ; *Dixon & Starkey* v. *Doe ex. dem. Lacoste*, 1 S. & M. 70 ; *4 Rawle, 208* ; Martin & Yerg. 385 ; 1 Dev. & Battle, 55.

4. STATUTE OF LIMITATIONS : EJECTMENT : ACT OF 1844 AND 1854.—The period of limitation for actions of ejectment, prescribed by the Act of 1844, is extended by the Act of 1854, ch. 39, § 3, to ten years.

5. SAME : LIMITATION PRESCRIBED BY ACT OF 1844, COMMENCES FROM ITS DATE.— The period of limitation (viz., seven years) prescribed by the Act of 1844, for the bringing of actions of ejectment for the recovery of land, commences to run from the date of the act, where the land is then actually held adversely ; and hence it will not constitute a bar to an action commenced within seven years from the passage of the act.

6. SAME : POSSESSION OF LAND, HOW ACQUIRED AND LOST.—Possession of land is acquired by an entry on it with the intention to possess it ; and is lost by leaving, with an intention to abandon it.

7. SAME : WHEN POSSESSION NOT LOST BY REMOVAL.—Possession of land once acquired, is not lost by a removal from it, if the party removing has color of title, and by his acts manifests an intention still to claim and use it.

8. SAME : COLOR OF TITLE : FRAUDULENT DEED IS.—A deed, though fraudulent and void as to the creditors of the grantor, is color of title in the grantee. See *Hanna* v. *Renfro*, 32 Miss. R. 125.

9. NEW TRIAL : GRANTED FOR ERRONEOUS INSTRUCTIONS, WHERE EVIDENCE DOUBTFUL.—When the evidence presents doubts as to material facts involved in the issue, and the court instructs an erroneous rule of law upon a point pertinent to the issue, the instruction will be presumed to have had its effect, and the verdict will, therefore, be set aside, and a new trial granted.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

On the 9th of May, A.D. 1855, the plaintiffs in error brought an action of ejectment, against the defendants in error, to recover possession of a certain tract of land, situated in Rankin county. The defendants pleaded the Statute of Limitations of seven and ten years. On the trial, the plaintiffs proved that the land had been entered by one John Holland, from the United States, and that, on the 1st day of May, 1848, a judgment was rendered, in the Circuit Court of Rankin county, in favor of one Montgomery,

against Holland, which was duly enrolled, on the 5th of that month; and that execution was duly issued thereon, and levied on the land, which was sold by the sheriff, on the 21st May, 1849, when they became the purchasers.

Defendants then offered in evidence, a copy of a deed made by said Holland, dated 28th August, 1841, conveying the land in controversy, and other lands situated in Hinds county, to the defendant, Mrs. Tapley, for the consideration of $1107. This deed appears to have been recorded in Hinds county, and the copy offered in evidence was certified by the probate clerk of that county. They also proved, in this connection, that a deed, conveying the land, as stated in the copy, had been made by Holland, to Mrs. Tapley, in August, 1841, and that the same went into possession of F. E. Plummer; that Plummer was dead; and that his papers had been burnt; and that, upon search at his residence, this deed could not be found. Tapley also testified, that he had made diligent search for the deed, at every place where he had reason to believe it could be found, and that he could not find it. Upon this proof, the copy of the deed was admitted in evidence, against the objection of plaintiff. The deposition of a witness (Cotton), afterwards read in evidence by plaintiffs, showed, on cross-examination, that this copy was a correct copy of the deed made by Holland to Mrs. Tapley, in August, 1841.

Defendants then, in support of these pleas of the Statute of Limitations, and to prove constructive notice of their claim under the unregistered deed, to the plaintiffs and to Montgomery, the judgment creditor, introduced evidence, tending to show that they had taken possession of the land in 1842, and had retained it, either by themselves or tenants, ever since; and the plaintiffs offered evidence, tending to show that, in 1842, the possession was in Holland, and that, for several years thereafter, the land was wholly unoccupied. The evidence on this point was contradictory and conflicting; as also upon the further point made by the plaintiffs, that the deed, under which the defendants claimed title, was fraudulent and void, as to the creditors of Holland.

The instructions necessary to be stated, are set out in the opinion of the court.

The defendants had verdict and judgment, and the plaintiffs

moved for a new trial, which being overruled, they excepted, and sued out this writ of error.

*W. C. Harper* and *George L. Potter*, for plaintiffs in error.

*Daniel Mayes*, for defendants in error.

HANDY, J., delivered the opinion of the court.

This was an action at law, for the recovery of possession of a tract of land, lying in Rankin county, from the defendants in error.

Both parties claimed title under John Holland; and the plaintiffs, in support of their title, showed a judgment, rendered in Rankin Circuit Court, on the 1st May, 1848, enrolled on the 5th May, 1848, in favor of one Montgomery against John Holland, and an execution thereon, under which the land was sold to them, on the 21st May, 1849, and a regular deed of conveyance executed to them by the sheriff. The suit was instituted on the 9th May, 1855.

The defendants pleaded the general issue, and the Statutes of Limitation of seven and of ten years.

In support of their title, the defendants offered in evidence, a copy of a deed, executed by John Holland, to Mrs. Tapley, his daughter, dated 28th August, 1841, conveying lands lying in Hinds county, and also the land in controversy, which deed was duly acknowledged before a justice of the peace of Hinds county, and recorded in the probate clerk's office of that county, but was not recorded in Rankin county. The plaintiff objected to its introduction; but the objection was overruled, and it was read in evidence, the plaintiffs excepting. And this is the first error assigned.

It is now insisted that, inasmuch as the deed was not recorded in Rankin county, the registration in Hinds county was insufficient under the registry acts, to make it notice to a purchaser of the land in Rankin county, and that it was inadmissible as a registered deed, in this case.

This position is clearly correct. The object of the registry acts, was to enable a person about to purchase lands, to ascertain whether they had been conveyed. In order to do this, the place where

he must reasonably be led to make the inquiry, is the probate clerk's office of the county where the land lies. That is the place intended by law for recording the deed of conveyance; and if, upon examination, he finds no conveyance there, he is justified in acting upon the belief that none has been made. If this were not true, a person could not safely purchase land lying in any particular county, without an examination of the probate clerk's office of every county in the State; for the land which he is about to purchase might be embraced in a deed, conveying, also, land in some other county, and recorded in that county.

But, under the circumstances of the case, the deed was admissible as an unregistered deed, and entitled to such weight, as such, as it might have, if it should be shown that the defendants went into possession of the premises. It was sufficiently shown, that the original was lost, and it was, therefore, competent to introduce secondary evidence of its contents. That evidence was furnished, in the deposition of Cotton, a witness for the plaintiff, who proved, on cross-examination, that the copy offered in evidence, was a copy of the original deed, made by John Holland, to his daughter. The proof was, therefore, sufficient to admit it as secondary evidence of the lost deed, apart from the force which the paper might have, as a copy of a registered deed; and the copy was properly admitted.

The next error assigned, is the refusal of the court to give to the jury the second instruction asked by the plaintiffs, which is as follows:—

"That the notice given at the sheriff's sale, at which plaintiffs bought, by S. M. Puckett, for Tapley, that John Holland had previously sold and conveyed the land to Mrs. Tapley, does not affect the plaintiffs' title, unless it is also proved, that such notice was given, or was had, by Montgomery, on the 5th May, 1848, when his judgment was enrolled."

The rule here stated, has been sanctioned by this court, in *Henderson* v. *Downing*, 24 Miss. 106. It is, however, objected to, on the ground, that it was an abstract and immaterial proposition, as the evidence showed, that at, and before, the enrolment of the judgment, the defendants were in possession, which was constructive notice. But that was a disputed question of fact, which it would not have been proper for the court to hold as proved in favor of the

defendants. If the plaintiffs' view of the evidence was correct, the instruction was clearly pertinent to the case, and should have been given. But, if the evidence was sufficient to satisfy the jury, of the defendants' possession at the date of the judgment, or of its enrolment, the jury should have been instructed with reference to that hypothesis, at the instance of the defendants. The instruction should, therefore, have been given.

Again; the court instructed the jury, in the first and eighth instructions, on the part of the defendants, that, if the defendants held adverse possession of the premises for seven years, next before the commencement of this suit, they should find for the defendants.

These instructions are predicated on the Statute of Limitations of 1844, sections 1 and 2; but these sections were so amended, by the Act of 1854, ch. 39, § 3, as to extend the period of limitation to ten years; and, of course, these instructions should not have been given.

The *ninth* instruction for the defendants is alike erroneous, as it holds the same time to be the period of limitation as stated in the instructions above considered. But it is incorrect for another reason. It holds that, if the defendants held adverse possession of the land for seven years prior to the time of acquisition of the plaintiffs' title, to wit, 21st May, 1849, the plaintiffs could not recover.

If the Statute of 1844 had been in force, it provides that the periods of limitation, thereby established, should commence running from its date, February, 1844; and the period of seven years, established by it, had not elapsed in May, 1849, when the plaintiffs acquired title to the premises.

Another error assigned is the granting of the third instruction, at the instance of the defendants, which is in these words: "Possession is acquired by going on the land with intention to possess, and possession is lost by leaving the land with intention to abandon it."

This instruction must be taken in connection with the evidence, and with reference to the ground of defence on which the defendants appear to have mainly relied. That defence was, possession and occupancy of the land, with a claim of title under an unregistered deed. The evidence was such as to warrant the jury, if they thought proper, to come to the conclusion, that the defendants had

taken possession, and were in the occupancy, by themselves, or others for them, of the premises; and if the jury so believed, from the evidence, this instruction was pertinent and proper, especially if they believed that the defendants were in possession at the time the debt, under which the land was sold, was contracted, and at the time the judgment was rendered.

. The last assignment, which we deem it necessary to determine upon, is upon the fourth instruction, granted at the request of the defendants, in these words: "That possession of land is not lost by removing from it, if the party removing, by acts of his, manifests an intention still to use and claim, provided he has a color of title; and a deed is color of title."

This instruction is contended to be erroneous; because the deed, under which the defendants claimed title, was fraudulent and void as to the creditors of the grantor, and therefore could not constitute color of title. But the objection is not tenable; because, 1st. It is founded on the assumption, that the deed was fraudulent, a disputed question of fact in the case; and 2d. Though the deed was fraudulent, on the part of the grantor, and as to his creditors, it was not absolutely void, but was valid as between the grantor and grantee; and was, therefore, available, as giving color of title to the grantee. *Hanna* v. *Renfro et al.* 32 Miss. 125. This instruction was, therefore, substantially correct.

Lastly. It is insisted, in behalf of the defendants in error, that, notwithstanding the errors of the court, upon the instructions given and refused, the verdict and judgment are correct upon the whole record, and should not be reversed.

The case manifestly depends upon several controverted questions of fact, among which are prominently presented the question, whether the deed, under which the defendants claim title, was fraudulent as to the creditors of the grantor? and whether the premises were in the possession and occupancy of the defendants, for a considerable period of time? We cannot know how the jury regarded these questions, and what would have been their verdict upon them. Hence, when erroneous instructions are given in such a case, it is fair to presume that they had their effect upon their minds, and were conducive to the verdict which they found. And it is undoubtedly a correct rule, that if, in a case where the testimony presents doubts as to the material facts involved in the issue,

the court instructs an erroneous rule of law upon a point pertinent to the issue, the instruction must be presumed to have had its effect, and the judgment will be reversed.

Judgment reversed, and cause remanded for a new trial.