## A. H. TAYLOR v. LOWENSTEIN & BRO.

1. DEEDS — UNREGISTERED — NOTICE THEREOF. — It is well settled law in this state that the occupancy and open possession of land under an unregistered deed of conveyance or bond for title, or other contract of sale, imparts notice to creditors and subsequent purchasers, and gives them the same protection as though these written memorials of title had been recorded. Title bonds and other written contracts in relation to land should be acknowledged and recorded as deeds.

2. SAME — SAME — LIEN THEREOF. — A prior unrecorded deed is void against a judgment creditor of the grantor, of which he had no notice at the date of his recovery. Subsequently acquired knowledge will not affect the lien which has already attached. A judgment creditor has the right to appropriate the land to satisfy his judgment in preference to the right of the grantee of such debtor whose deed is unrecorded, of which the creditor did not have notice at or before the rendition of the judgment.

3. BOND FOR TITLE — RULE WHEN PART OF THE PURCHASE MONEY IS PAID.— When land is sold and bond given for title, if any portion of the purchase money be paid before judgment, the land is not subject to sale under execution as the property of the vendor. In such cases the title of the vendor is held in trust for the vendee. If the entire purchase money has been paid, then the vendee becomes, in equity, the complete owner of the estate.

4. SAME — SAME — RIGHTS OF JUDGMENT CREDITOR. — A judgment creditor of the vendor, at the date of executing the bond for title, can either sequester the purchase money by summons in garnishment, or he can bring a bill in chancery against the vendor and vendee, and ask that the equity of the vendor upon the land as security for the purchase money be applied to the satisfaction of his judgment.

5. SHERIFF'S SALE — TITLE THEREOF. — A purchase at a sheriff's sale like every other assignment by act of the law, only transfers the interest of the debtor, whatever it may be, and the condition it is in, subject to all the equitable and legal demands of other persons.

APPEAL from the Chancery Court of Chickasaw County. Hon. AUSTIN POLLARD, Chancellor.

The facts of the case sufficiently appear in the opinion of the court.

The only error assigned was decreeing for defendant in error and making the injunction perpetual.

Briefs.

*Green & Pickens*, for appellant, contended:    That the recent MSS. opinion of Reed, Adm'r, v. Ballentine, et al., Opinion Book "D," p. 414, was conclusive in the matter for appellant.

*McIntosh & Houston*, for appellees, contended:

1. That at the date of the rendition of Taylor's judgment, Thornton was a mere trustee of the title for his vendee, and the latter a trustee of the purchase money for the former.   In each instance a lien was created upon the estate, which was superior to any judgment lien, and would prevail against any judgment creditor of Thornton, intervening between the time of the agreement to convey and the receipt of the consideration money and the actual conveyance.   Money v. Dorsey et al., 7 S. & M., 22.

2. That a vendor cannot elect to treat a contract of sale of land as at an end, even when no part of the purchase money is paid, after the same has fallen due.   Arther et al. v. Pearson, 32 Miss., 131; Jones et al. v. Loggins et al., 37 Miss., 546.

3. That possession of the land by Holloway, the vendee of Thornton, to whose rights Lowenstein & Bro. were subrogated, anterior to the judgment, was notice to Taylor, the judgment creditor.   Such possession would have been sufficient notice to have defeated even a purchaser for value or mortgagee.

4. That a judgment creditor is not a purchaser, but is a mere volunteer, and can take under execution only that which belonged to the debtor, but cannot take the equitable interest of the *cestui que trust* under an execution against the trustee holding the legal title.   Kelly v. Mills, 41 Miss., 267; Walton v. Hargroves, 42 Miss., 18.

5. That Lowenstein & Bro., having the title bond transferred to them by Holloway, were subrogated to all his rights, and having given Thornton a valuable consideration for the conveyance of the legal title, were guilty of no fraud.

6. That as Thornton was adjudged a bankrupt after the rendition of Taylor's judgment, and reported that judgment as required, in his schedule of liabilities — of which the law presumes

Taylor to have had notice — this judgment was abrogated by his discharge.

7. That the cases of Gibson v. Gree ne, 45 Miss., 218; Allen & Co. v. Montgomery et ux., 48 Miss., 110; Reed, Adm'r, v. Burlington, 49 Miss., 223, are not in conflict with this proposition.

SIMRALL, J., delivered the opinion of the court.

Thornton sold and executed a bond for title to James Holloway, in December, 1865. The deed to be made on payment of 12 bales of cotton.

Thornton being indebted to Lowenstein ˙Brothers, who were pressing for the money, agreed to make the debt of Holloway available to pay off Lowenstein Brothers. He had already begun suit against Holloway by attachment. In this condition of affairs Lowenstein Brothers procured an assignment from Holloway of Thornton's bond, and Thornton conveyed the land to them, upon receiving a credit of $1,200 on his indebtedness to them.

On the 5th of November, 1866, Taylor recovered a judgment against Thornton and others.

Under this judgment the land in controversy was levied upon.

In May, 1868, Thornton filed his petition in bankruptcy, and was subsequently discharged.

The controversy is between Taylor and Lowenstein Brothers, whether the land is or not liable to the judgment.

Taylor, in his answer, insists that the conveyance by Thornton to Lowenstein Brothers was fraudulent, and was made after he had recovered his judgment; and further, that Lowenstein Brothers had no connection with or rights under the title bond to Holloway.

Thornton, in his deposition, states the transaction between himself and the complainants, in substance as averred in their bill. That Holloway assigned his bond to them, and that he executed the deed on the consideration of a discharge of indebtedness of $1,200, which he had contracted on the faith of the 12 bales of cotton to be paid by Holloway.

Holloway· went into possession on his purchase, and remained in possession in 1866, under this bond for title. After the conveyance to the complainants in the spring of 1867, he held under them. This was notice of his title, as available as would have been a registration of the title bond.

It has been accepted as the settled law in this state, since the case of Dixon v. Lacoste, 1 S. & M., 101, that the occupancy and open possession of land under an unregistered deed of conveyance or bond for title or other contract of sale, imparts notice to creditors and subsequent purchasers, and gives them the same protection as though these written memorials of title had been recorded.

Art. 24, Code 1857, p. 310, allows every title bond or other written contract in relation to lands, to be acknowledged or proved and recorded as deeds, and be held to give notice to subsequent purchasers.

In the case above referred to (1 S. & M., 101), it was held that creditors and purchasers, as respects notice, are put by the registry statute upon the same footing.

The cases of Henderson v. Downing, 24 Mis. Rep., 106, and Harper v. Tapley,·35 Miss. Rep., 506, hold that a prior unrecorded deed is void against a judgment creditor of the grantor of which he had no notice at the date of his recovery ; and that subsequently acquired knowledge will not affect the lien which has already attached. The doctrine of these cases and of Kelly v. Mills, 41 Miss. Rep., 281, is that a judgment creditor has the right to appropriate the land to satisfy his judgment, in preference to the right of the grantee of such debtor whose deed is unrecorded, of which the creditor did not have notice at or before the rendition of judgment.

Taylor, the judgment creditor, by means of the occupancy and possession of the land by Holloway, had notice of his title, or the right under which he held, which was quite as effectual as if the title bond executed by Thornton had been acknowledged, or

proved and recorded. He had notice that Holloway was in possession under this equitable title. That contract of sale and purchase put the respective parties in this relation : Thornton became trustee of the title for Holloway or his assignee, and the latter became trustee of the consideration price to Thornton. Money v. Dorsey, 7 S. & M., 22.

In that case, it was said, if any portion of the purchase money be paid before the judgment, the land can no longer be the subject of execution sale, as the property of the vendor, whatever might be the rule upon a naked contract of sale without any payment. If the entire purchase money has been paid, then the vendee becomes in equity the complete owner of the estate. Ward v. Ledbetter, 3 Dev. & Batt. Eq. Rep., 500.

The legal title of Thornton, at the date of the judgment, was held in trust for Holloway, who had acquired his equitable right before Taylor obtained his judgment. The right which remained substantially in Thornton, the judgment debtor, was to retain the title until the debt — the price — was paid to him. The creditor had a right to subject all of Thornton's interest to his judgment — that was, a claim to the title as security for his debt. If, therefore, the creditor can appropriate that interest, he gets all that the debtor had.

Two modes were open to him ; either to have sequestered the debt by summons in garnishment, or to have brought a bill in chancery [against Thornton and Holloway, and asked that the equity of Thornton upon the land, as security for the debt due him from Holloway, might be applied to the satisfaction of his judgment.

The judgment creditor would thus procure an execution of the trust for the satisfaction of his judgment, precisely as the creditor Thornton would have had a right to its enforcement for his benefit. Coutts v. Walker, 2 Leigh, 280.

The rule is, that a purchase at sheriff's sale, like every other assignment by act of law, only transfers the interest of the debt-

or, whatever it may be, and in the state it is in, subject to all the equitable as well as legal demands of other persons. Dudley v. Cole, 1 Dev. & Batt. Eq. Rep., 429 ; Butherford v. Green, 2 Iredell Eq. Rep., 127 ; Freeman v. Hill, 1 Dev. & Batt. Eq. Rep., 389 ; Hargroves v. Walton, 42 Miss., 18.

If there is a right to sell the land when all the purchase money is due, it is difficult to see why it may not be sold when part is due. (The right so to do in the latter case was expressly denied in the case cited from 7 S. & M.) For, in both cases, the exact interest which the judgment debtor has, is the legal title as security for the unpaid purchase money.

If Thornton had transferred the debt, due by Holloway for the land, before the recovery of the judgment, could the sheriff's sale have defeated or impaired the right of the assignee to hold the land bound to pay him ? Yet the legal title was as completely in Thornton as if such assignment had been made after judgment.

How can the judgment defeat the equitable title of Holloway or his assignee ? Either of them had a right, by the contract of purchase, to demand a conveyance of the legal title upon payment of the price.

There existed a right in the judgment creditor, by appropriate proceedings, to have subjected the consideration money due to Thornton from Holloway, to the satisfaction of his judgment. He might have enforced, for that purpose, the equity retained by Thornton in the land.

But no movement of that sort has been made, and the debt to Thornton has been paid, and he has conveyed the land to Lowenstein Brothers, the assignees of his vendee. This transaction was assailed by Taylor, as a fraudulent contrivance between Thornton and Lowinstein Brothers to defeat his debt. No proof was offered to sustain the allegations. On the contrary, the testimony taken by the defendants show the transaction to have been fair and in good faith.

Let the decree dismissing the bill be affirmed.