HENRY DUKE ET AL. *v.* MARGARET E. CLARK ET AL.

58  465
81  661

1. EJECTMENT.  *Title by execution sale.  Defective return.  Proof of proceedings of sale.*

D., in an action of ejectment against C., adduced in evidence to support his title a sheriff's deed, reciting that it was made in pursuance of a sale of the land under three executions from different judgments, respectively, against A. He then offered in evidence transcripts in the cases from which the executions issued. The three executions were marked by the sheriff as received on the same day; but on only one of them did the return show the levy upon and sale of the land, the other two being returned as satisfied in full. The defendant objected to the admission in evidence of the transcripts in the two last-mentioned cases, and then the plaintiff proposed to prove that the levy and sale were under all three of the executions, and that the return of "satisfied in full" on two of them was based upon the sale of the land in controversy. The court sustained the objection.  *Held,* that the plaintiff should have been

permitted to prove that the levy and sale were under all three of the executions, as his rights as a purchaser depended upon what was done, and not on the failure of the sheriff to return a correct statement of it; and the evidence proposed was not inconsistent with the return made.

2. SAME. *Sheriff's deed. Prima facie evidence of regularity.*

In an action of ejectment by the purchaser at a sheriff's sale under execution, the sheriff's deed of the land sued for to the plaintiff is *prima facie* evidence that everything required by law to be done in the proper exercise of the power of sale conferred on the sheriff by the judgment and execution was done.

3. JUDICIAL SALE. *Not within legal hours. Objection waived.*

A sale under execution cannot be avoided by one claiming as the grantee of the execution debtor, by a deed made prior to such sale, on the ground that the sale was made before eleven o'clock A. M. of the day, the time fixed by law as the earliest hour for the commencement of such sales, where the debtor and his grantee, being present at the sale, forbid it being made on other grounds, but made no objection as to the hour of the day.

4. LIEN. *As between judgment and unrecorded deed. Notice to judgment creditor. Effect as to assignee.*

An unrecorded deed to lands takes precedence of a judgment as against the judgment creditor, if, before the recovery of his judgment, he has actual notice of the conveyance by the debtor; but the assignee of such judgment, who buys without notice that his assignor had notice before the rendition of the judgment of the unrecorded conveyance, is not affected by the notice to his assignor.

5. ASSIGNMENT. *Chose in action. Rights of assignee. Equities.*

The assignee of a chose in action takes it subject to all of the equities to which it was subject in the hands of the assignor; but the equities meant are such as obtain in favor of the debtor, and not those claimed by a third person against the assignor.

6. PURCHASER. *At execution sale. Right to notice by registration.*

The purchaser at an execution sale is entitled, to the same extent as any other purchaser, to the benefit of the statute requiring instruments affecting the title to land to be registered.

7. JUDICIAL SALE. *Under three executions. One invalid. Creditor purchasing. Effect.*

Where the owner of three judgments against one party, one of which is not a lien on the debtor's property as against a grantee thereof, causes executions to be issued from all of them, and, at a sale of the debtor's property thereunder, purchases the same, such sale is valid only so far as necessary to satisfy the judgments which bind the property; and as to the property sold to satisfy the other judgment, it vests no title in the purchaser.

APPEAL from the Circuit Court of Lee County.

Hon. W. L. Clayton, Special Judge, by agreement of parties, Hon. J. A. Green being disqualified.

This is an action of ejectment brought by Henry Duke, J. D. Fontaine, and the heirs of C. D. Fontaine against the tenants in possession of a certain tract of land. Duncan Clark and W. A. Anderson, Jr., and Ella Anderson were admitted to defend the action as landlords. Duncan Clark died pending the litigation in the lower court, and the action was revived, as to his interest, against his heirs.

The parties claimed title from a common source — W. A. Anderson, Sr. The plaintiffs claimed by virtue of a sheriff's sale under executions, and his deed in pursuance thereof; and the defendants claimed by conveyance from W. A. Anderson, Sr. The plaintiffs read in evidence on the trial the sheriff's deed to them, reciting that the land in controversy had been levied upon and sold under three several executions on judgments, respectively, in favor of Martin & Duke against W. A. Anderson, Sr., George and E. H. Miller against W. A. Anderson, Sr., and Mary A. Anderson against W. A. Anderson, Sr. Plaintiffs then offered in evidence transcripts of the records in these several cases. The returns on the executions in the cases of *Martin & Duke* v. *Anderson*, and *Miller* v. *Anderson*, were to the effect that the executions had been received on the twenty-fifth day of April, 1871, and satisfied in full on the fifth day of June, 1871. The return on the execution in the case of *Anderson* v. *Anderson* showed that the execution had been levied upon the land in controversy on the twenty-fifth day of April, 1871, and that the land was sold thereunder on the first Monday of June, 1871. The defendants objected to the introduction in evidence of the transcripts in the cases of *Martin & Duke* v. *Anderson* and *Miller* v. *Anderson*, on the ground that "any proof connecting the judgments in these cases with plaintiffs' title by the execution sale would contradict the returns on the executions in these cases, and also the return upon the execution in the case of *Anderson* v. *Anderson*." The plaintiffs stated that they would prove that the

executions in the cases of *Martin & Duke* v. *Anderson*, and *Miller* v. *Anderson*, were in the hands of the sheriff at the time he levied the execution in the case of *Anderson* v. *Anderson;* that the three several executions were levied upon the land in controversy, and the sale was made under and by virtue of all three of them ; and that the return of " satisfied in full," marked on the executions in the cases of *Martin & Duke* v. *Anderson*, and *Miller* v. *Anderson*, was based upon said sale. The court refused to admit in evidence the transcripts in the two last-mentioned cases.

The court refused to grant an instruction for the plaintiffs to the effect that the recitals in the sheriff's deed were *prima facie* evidence of the levy, advertisement, and sale as therein recited. But in behalf of the defendants the court gave an instruction to the effect that if the sale under which the plaintiffs claimed title was made before eleven o'clock A. M. of the day, it was void. The proof showed that the judgment debtor, W. A. Anderson, Sr., and his grantee, Duncan Clark, through whom the defendants claimed title, were at the sale, and forbade its being made upon the ground, solely, that the land did not belong to Anderson, because he had conveyed it away before the rendition of the judgment.

Henry Duke, one of the plaintiffs in this case, was one of the plaintiffs in the judgment of *Martin & Duke* v. *Anderson*, and the two other judgments against Anderson were assigned to him for value some time before the levy upon and sale of the land in controversy. C. D. and J. D. Fontaine, the other purchasers with Duke at the execution sale, were Duke's attorneys for the collection of his judgments against Anderson.

The judgment in favor of Martin & Duke was rendered on the seventeenth and enrolled on the twenty-seventh day of November, 1868, the amount thereof being $95. The other two judgments against Anderson were rendered on the nineteenth day of November, 1868, and enrolled on the same day. The one in favor of Miller was for $325 ; that in favor of Mary A. Anderson was for $36.75. The deeds under which

the defendants claimed were executed in May, 1868, but filed for record on the nineteenth day of November, 1868. The evidence showed that the judgments of *Miller* v. *Anderson* and *Anderson* v. *Anderson* were rendered before the deeds from Anderson, the debtor, were filed for record, though on the same day.

The plaintiffs attempted to show by evidence that the deed from Anderson to Duncan Clark, through which the defendants claimed title, was fraudulent.

The verdict and judgment were for the defendants, and the plaintiffs appealed.

*Houston & Reynolds*, for the appellants.

1. The court erred in excluding the transcripts in the cases of *Martin & Duke* v. *W. A. Anderson*, and *George and E. H. Miller* v. *W. A. Anderson*.

A return of levy, advertisement, and sale is proper, and is required by statute ; but, quoting the language of Chief Justice Smith, " the omission to do so [make the return] would be one of those irregularites which, according to all the authorities, will not vitiate the sale made under it." This doctrine is well sustained by authority. *Hamblen* v. *Hamblen*, 33 Miss. 460, and authorities cited ; Herman on Ex. 518, sect. 343, and authorities cited ; *The State* v. *Salyer*, 19 Ind. 432 ; *Wolf* v. *Heath*, 7 Blackf. 156 ; *Brooks* v. *Rooney*, 11 Ga. 423 ; *Banks* v. *Evans*, 10 Smed. & M. 60.

The purchaser's title under an execution sale is unaffected by the officer's return. If there was power to sell, and an exercise of the power in a proper way, and an execution of a deed in pursuance of the power, a return of the officer contradicting or inconsistent with all the facts may be shown to be false. Herman on Ex. 518, sect. 343, and authorities cited note 3 ; Freem. on Ex., sect. 341, and cases cited note 3.

Appellants could have shown, if necessary to maintain their title, that the return " satisfied in full " was false. Proof was offered, not that the return was false, but of the mode and manner of satisfaction — satisfied from a sale of the lands in

controversy. This was not contradictory of the return, but in accord with it. Freem. on Ex., sect. 364, and authorities cited note 3 ; *Banks* v. *Evans*, 10 Smed. & M. 60.

2. Appellants asked the court to instruct the jury that the recitals in the deed of Wells offered in evidence, power to make the sale having been shown, were *prima facie* evidence of the levy, advertisement, and sale under the Miller judgment and execution. The instruction was refused, and erroneously so.

3. The court erred in admitting testimony of notice to Mrs. Anderson and to Cherry, attorney of the Millers, of the conveyance from William A. Anderson to Duncan Clark.

The lien of a judgment commences, not from its entry, but from its rendition ; and in ascertaining the priorities of judgments, the court will look to the fractions of a day, and determine the actual time of rendition. Code 1871, sect. 830 ; *Burnett* v. *Boyett*, 1 How. 39 ; *Smith* v. *Ship*, 1 How. 234 ; *Reed* v. *Haviland*, 38 Miss. 324, 325 ; Freem. on Judg., sects. 38, 369, and authorities cited.

Deeds take effect, as to purchasers and creditors, from the time when delivered to the clerk to be recorded. Code, sect. 2306.

The judgments of the Millers and of Mrs. Anderson had been assigned before the sale under execution to Henry Duke. It was not pretended that Duke had any notice of the deed.

Between the parties to the judgments, Anderson, the defendant, and the plaintiffs, the assignee (Duke) stands in the place of the assignors (the plaintiffs), with no better rights ; but *as to the claims of third persons,* — the claim of Clark under the unrecorded deed, — the assignee, Duke, stands unaffected by any agreement, knowledge or notice, or fraud, of which he (Duke) had no knowledge. Freem. on Judg., sect. 428 ; *Murray* v. *Lylburn*, 2 Johns. Ch. 442 ; *Wright & Co.* v. *Levy*, 12 Cal. 257 ; *Green* v. *Darling*, 5 Mason, 214 ; *Roberts* v. *Bean*, 5 Smed. & M. 590.

4. The court erred in giving the charge that if the jury

believed from the evidence that the sheriff's sale was made before eleven o'clock in the morning, they would find for the defendants.

The failure to sell within the statutory hours, if there was such failure, would not avoid the sale. The provision of the statute as to the time of the sale is directory, not mandatory, and a failure to observe it will not vitiate the sale. *Koch* v. *Bridges*, 45 Miss. 247 ; Herman on Ex. 410, sect. 251 ; *Lee* v. *Davis*, 16 Ala. 516 ; *Webber* v. *Cox*, 6 Mon. 110 ; *Hayden* v. *Dunlap*, 3 Bibb, 216 ; *Rigney* v. *Small*, 60 Ill. 416.

But all the parties to the execution, and the party to whom the land had been conveyed, were present at the sale, and made no objection that it was at an unseasonable hour. The parties have consented to all the irregularities, and they cannot avoid that to which they have consented. *Tiffany* v. *Johnson*, 27 Miss. 227.

*E. M. Watson*, for the appellees.

1. The law requires the sheriff to return every step taken by him in executing an execution. Code 1857, p. 124, art. 122 ; p. 125, art. 127. He does not return that he levied on any property under the Martin & Duke execution, or the Miller execution, and this silence can mean only that he levied on no property. Any proof of a levy upon property under this execution conflicts with the return, which shows that there was no levy. *Phillips* v. *Harney*, 50 Miss. 491. Again : the return upon the Mary A. Anderson execution was, that this land was levied on and sold under the Mary A. Anderson execution. Any proof that the land was sold under two other executions certainly contradicts the statement that it was made under this one. The well-known rule of construction is, *Inclusio unius, exclusio alterius.*

2. The return on the Martin & Duke and Miller executions is conclusive upon the appellants, who were parties and privies to the execution. 2 Ph. on Ev. (Cowen & Hill's and Edwards'. notes) 370 ; Gwynne on Sheriffs, 473 *et seq.; Doe* v. *Ingersoll*, 11 Smed. & M. 249–274 ; 3 Washb. on Real Prop.

211; Herman on Ex., sect. 242; 21 Ala. 560; 13 Wright, 199; Code 1857, p. 526, sect. 268; *Bogue's Appeal*, 33 Pa. St. 101.

3. The recitals in the sheriff's deed were not evidence against appellees, who held by title anterior to the date of such deed. Tyler on Eject. 566; *Minor* v. *Natchez*, 4 Smed. & M. 623 (opinion of Sharkey, J.); 2 Ph. on Ev. 574; 13 Wall. 515; 11 Wend. 422, 435; 9 Cow. 182, 536.

4. The defendants offered in evidence a deed from W. A. Anderson to Duncan Clark for the land in controversy, and proved that Mrs. Mary A. Anderson had full notice of this deed prior to the rendition of her judgment. Defendant further proved that W. A. Anderson had given notice of Clark's deed to Cherry, attorney of record in the Miller case, prior to the rendition of the Miller judgment. Notice to Cherry was notice to the Millers. Story on Ag., sect. 140; Herman on Ex. 491, and note 5; 11 Smed. & M. 272; 3 Cushm. 591, 596; 9 Smed. & M. 476.

To hold that a judgment which does not bind land in the hands of the plaintiff, who recovered it, because of notice to such plaintiff, does bind the land in the hands of an assignee who had no notice, is impossible, in view of the law and of common sense. The rights of a purchaser at execution sale are determined by the notice or want of notice to the judgment creditor prior to the rendition of the judgment, and not by the question as to whether such purchaser had notice. *Henderson* v. *Downing*, 2 Cushm. 106; *Barker* v. *Stacey*, 3 Cushm. 471; 5 Cushm. 502.

5. The appellees hold under a valid deed, and appellants acquired their title under a sale by virtue of three judgments, one of which at least did not bind the land; and appellant Duke was, at the time, owner of all three judgments, and appellants Fontaine were attorneys or agents for Duke, controlling the sale, and therefore in privity with him. Under these facts the appellants acquired no title by their purchase. Herman on Executions, p. 424, thus lays down the law: "Where prop-

erty is sold under several executions, and only one is valid, if sold to plaintiffs in execution the sale is void; if sold to a stranger, he will take title under the valid writ." In support of this proposition are cited *Brown* v. *McKay*, 16 Ind. 484; *Hutchins* v. *Doe*, 3 Ind. 528; *Clark* v. *Watson*, 2 Ind. 400; *Harrison* v. *Sapp*, 8 Blackf. 455; *Dudley* v. *Cole*, 1 Dev. & B. Eq. 429; *Banks* v. *Evans*, 18 Miss. 35. These authorities are in point. In the Indiana cases the principle is applied in ejectment cases precisely analogous to this. See also, as directly in point, *Floyd* v. *Goodwin*, 8 Yerg. 484; *Shropshire* v. *Pullen*, 3 Bush, 512; *Douglass* v. *Short*, 3 Dev. L. 433; *Hastings* v. *Johnson*, 1 Nev. 613.

But, again, suppose that the principle here contended for is wrong: still appellants did not make out their case, and appellees are entitled to hold their verdict. The proof showed clearly that the Miller and Mary Anderson judgments did not bind the land. Then, when land enough had been sold to pay off the Martin & Duke judgment, further sales were void. Again: two witnesses swore that the sale was not within legal hours. If it was not, the sale was void. See *Koch* v. *Bridges*, 45 Miss. 247; *Williams* v. *Jones*, 1 Bush, 621.

CAMPBELL, J., delivered the opinion of the court.

The action of the court below in reference to the evidence of the judgment and execution in favor of *Martin & Duke* v. *Anderson*, and *Miller* v. *Anderson*, was erroneous. It was admissible for the plaintiffs to show that the three executions in the hands of the sheriff were levied on the land, and that it was sold under the three, although there was no indorsement of a levy on any of them except one. The failure of the sheriff to make the proper return on the executions did not affect the right of the purchaser, and the fact that the purchaser owned the judgments executed made no difference in this respect. His right depends on what was done, and not on an omission of the officer to return a correct statement of it.

The evidence proposed consists with the return of the officer on the executions, and should have been admitted.

The deed of the sheriff was *prima facie* evidence that he had done those things required by law to be done by him in the proper execution of the power of sale conferred on him by the judgments and executions, and the instruction on that subject asked by the appellants should have been given.

The instruction for appellees should not have been given. If it is true (about which we express no opinion) that a sale made under execution by a sheriff before eleven o'clock A. M. is void, the presence at the sale of the defendant in the executions and his grantee of the land sold, and the forbidding the sale on other grounds and making no objection as to the hour of the sale, preclude this objection now.

It is contended by counsel for the appellants that the assignee of the judgments, who acquired them for value, without notice of the fact that the judgment creditors had notice, before their judgments, of the conveyance to Clark, was not affected by such notice, but took the judgments assigned to him as if no notice had been given to his assignors before they obtained the judgments; and we think this is a correct view of the law. Although it may be true that the judgment creditors had notice of the unrecorded conveyance by Anderson to Clark when their judgments were rendered, this was *personal* to them, and did not affect the assignee of the judgments, who did not have notice of the fact that they had notice of the deed. It is true that the assignee of a chose in action takes it subject to all the equities to which it was subject in the hands of the assignor, but the equities meant are such as obtain in favor of the debtor, and not those claimed by a third person against the assignor. *Mott* v. *Clark*, 9 Pa. St. 399; *Wright* v. *Levy*, 12 Cal. 257; *Murray* v. *Lylburn*, 2 Johns. Ch. 441; *Hendrickson's Appeal*, 24 Pa. St. 362; *Wetherill's Appeal*, 3 Grant Cas. 281; 2 White & Tudor Ld. Cas. 225; Freem. on Judg., sect. 428.

A judgment lien takes precedence of an unregistered conveyance, but as the object of registration is to give notice to creditors of and purchasers from the grantor, notice to them is as effectual as registration to prevent the lien of a judgment or a second conveyance from taking precedence of an unrecorded one which is prior in date; but this is entirely a matter between the creditor or purchaser and the claimant under the unrecorded conveyance. Because the creditor or purchaser has notice of the unregistered conveyance, he stands affected as if it was recorded; but a purchaser from him, who has no notice of what he has notice of, and buys on the apparent lien of the judgment as paramount to any unrecorded conveyance by the defendant, has the right to rely on the precedence which the record shows the judgment has, and is not affected by the notice which his assignor had. If the assignee of a judgment which, according to the records, is a lien on land precedent to an unregistered conveyance, or the grantee in such conveyance, must suffer loss, it falls more properly on him who neglected to file his conveyance for record, so as to give notice of it, than on him who was misled by the appearances presented by the records, arising from the failure of such grantee to comply with the easy requirement of the registry law. It is certainly true that an assignee cannot acquire any greater right *as against the judgment debtor* than his assignor had, but a different question is presented as to whether notice, consisting of matters *in pais*, which may affect the knowledge and bind the conscience of the assignor, *as against some third person* other than the debtor, shall be held to extend in its consequences to his innocent assignee, who acts upon the faith of the records. The records should be a safe guide to one who trusts to them, having no notice that they do not present the real state of the title; and he should not be affected by the mere knowledge had by the assignor of some secret inaccessible to the observation of those not possessed of it.

In this case, Duke, the assignee of the judgments, was

bound to take notice of what the records showed when the judgments were rendered. He was not bound to know of any notice to the judgment creditors not furnished by the records; nor, because of the known possibility that the judgment creditors had notice of an unregistered conveyance, was he required to go in quest of its having been furnished to them. He had the right to go by the records, and trust to what they showed, and was not required to look beyond them. Looking to them, he saw that the two judgments were rendered and the conveyance to Clark was filed for record on the same day. He took the risk of which was entitled to precedence by reason of priority on that day, but that was the extent of his risk. He was not called on to speculate on possibilities, and seek a reason for subordinating the judgments to the conveyance. There was nothing to suggest an inquiry of this sort.

It is well settled that the *bona fides* of a purchaser without notice will protect him in his purchase from one who had notice. Good faith is so highly esteemed that its existence with the vendor or the vendee will protect the title. Notice to one is not notice to another who deals with him. Notice affects only the recipient of it. And it is with the consequence of notice to a creditor, as a substitute and equivalent for registration, that we are dealing.

We regard it as the settled doctrine in this State that purchasers at execution sales are, to the same extent as other purchasers, entitled to the benefit of the statutes requiring instruments affecting the title to land to be registered. *Henderson* v. *Downing*, 24 Miss. 106; *Harper* v. *Tapley*, 35 Miss. 506; *Taylor* v. *Lowenstein*, 50 Miss. 278; *Humphreys* v. *Merrill*, 52 Miss. 92; *Loughridge* v. *Bowland*, 52 Miss. 546.

It is also settled that notice to the creditor before he acquires a lien, of a conveyance, is equivalent to registration of the conveyance; but it has never been held, and we think it improper to hold, that notice to the plaintiff is notice to his assignee of such conveyance. It is true that the conveyance by Anderson to Clark was filed for record on the day of the

rendition of the judgments assigned, and that the assignee was charged with notice of the conveyance as of that date, and, as before stated, he took the risk of a contest for priority between the judgments and the conveyance with reference to the fractions of that day ; but the record of the conveyance did not notify him that the judgment creditors had learned of the secret instrument before it was filed for record.    There was no change of the possession of the land.    The judgment debtor held possession as before.    Although the conveyance was dated several months before it was filed for record, it is a just inference from the circumstances that the conveyance, which had been withheld from the records, had been kept secret from all but the parties to it.

It is contended by counsel for the appellees that, notwithstanding any error of the Circuit Court, the judgment for the appellees is right, because the holder of three judgments, one of which did not bind the land, purchased land sold by successive parcels under executions issued upon the three judgments, and failed to show what was sold under the executions upon the judgments which were a charge upon the land, as distinguished from what was sold under such as did not charge it. The proposition is, that if one has several judgments, and executions levied on property, some of which are a lien on it and some not, and a sale takes place under all, and the holder of the judgments buys, he gets no title by virtue of such of his judgments as bind the property, because of the blending of them with those not a lien on it.    It is true that when enough had been sold to satisfy the executions satisfiable out of the property, the further sale under executions subordinate to the claim of the grantee of the judgment debtor did not operate to vest title in the holder of the judgments, because of the satisfaction of those which were a lien and the absence of a right to subject the property to any other ; but it does not follow that the judgment should be affirmed.    We cannot say on what view of the facts the verdict was rendered.    It may have resulted from the action of the court which we have

pronounced erroneous. The conveyance to Clark was assailed as fraudulent, and it cannot be assumed that the verdict was a repudiation of this imputation. It cannot be affirmed with confidence what produced the verdict. The appellants are entitled to a reversal of the judgment, and on another trial the proposition of the counsel for appellees as to the invalidity of the sale to the owner of the three judgments, if it shall appear that the land was not subject to some of them, may be more favorably presented, unembarrassed by errors necessitating a reversal of the judgment which may be rendered.

Judgment reversed, and cause remanded for a new trial in accordance with the views announced in this opinion.