## JOHNSON HARDWARE Co. v. MING.*

(Division A. June 6, 1927.)

[113 So. 189. No. 25701.]

1. JUDGMENT. *Judgment held not enforceable lien on debtor's land sold before rendition of judgment to knowledge of judgment creditor's attorney.*

Where attorney representing judgment creditor in securing judgment had actual notice of sale of debtor's land prior to rendition of judgment, the judgment did not constitute an enforceable lien on land, since notice to attorney is imputed to and binds his client.

2. JUDGMENT. *Assignee of judgment with notice of sale of debtor's land prior to judgment was not bona-fide purchaser with right to enforce judgment against land.*

Assignee of judgment with notice of prior sale of debtor's land did not become *bona-fide* purchaser of judgment without notice with consequent right to enforce same against such land.

*Corpus Juris-Cyc. References: Attorney and Client, 6CJ, p. 638, n. 58; p. 639, n. 59; Judgments, 34CJ, p. 609, n. 34.

APPEAL from chancery court of Bolivar county, Second district.

HON. S. I. OSBORNE, Special Chancellor.

Suit by R. F. Ming against the Johnson Hardware Company and others. Decree for plaintiff, and the defendant Hardware Company appeals. Affirmed.

*Wasson, Nelson & Wasson,* for appellant.

The first point raised on which counsel rely to support the suggestion of error is that: "The record shows that both the attorneys for the Brown-Manly Plow Company and the Johnson Hardware Company had actual notice of the sale of this property." We take issue with counsel

and say that the record does not show that both the attorneys for Brown-Manly Plow Company and Johnson Hardware Company had actual notice of the sale of the property.

There is nothing in this record to support the allegation that the Johnson Hardware Company had actual notice of the purchase of said land by Ming "prior to the rendition of the judgment herein alluded to." We further confidently assert that the only notice, if such was notice, that the Johnson Hardware Company ever had that Ming had purchased the land from the Johnsons was such notice as was imparted to Ben F. Wasson in a letter from Earl Child, attorney for Manly-Brown Plow Company, of date December 20, 1919, the judgment having been obtained November 11, 1919, in which Mr. Child wrote Mr. Wasson: "Will state that at the time judgment was secured against W. H. Johnson, Mrs. L. B. Johnson and also the Johnson Hardware Company according to the tenor of the note, Mrs. Johnson owned some property, but I am informed that the same is sold."

The only alleged notice imparted to Mr. Wasson by Mr. Child was contained in the letter above quoted, of date December 20, 1919, about forty days after the rendition of the judgment and after the judgment had become a lien upon any property owned by the judgment debtors in the first judicial district of Bolivar county.

We submit that the opinion of the court is correct and that it is supported by *Loughridge* v. *Bowland,* and *Duke* v. *Clark,* cited in the court's opinion in this case. There is nothing in the record in this case which can amount to actual notice to the Johnson Hardware Company.

*Quinn* v. *Alexander,* 88 So. 170, relied upon by counsel for appellee, shows that it has no application whatever to this case.

*Somerville & Somerville,* for appellee.

I.  The record shows that both the attorneys for the Brown-Manly Plow Company and the Johnson Hard-

ware Company had actual notice of the sale of this property. The decision of the supreme court is founded upon *Duke* v. *Clark,* 58 Miss. 465, and upon the proposition that notice to the attorney for the original plaintiff did not bind the assignee of the plaintiff as the holder of the judgment. We bow to this decision of the court as being conclusive on that proposition.

However, we wish now to point out to the court that in the court below it was distinctly alleged in the bill and proved that the Johnson Hardware Company paid the judgment between January 6th and January 12, 1920, and that notice was given to the attorney for the Johnson Hardware Company at least on December 20, 1919, of the fact that Mrs. Johnson had sold her land in Bolivar county. It, therefore, appears that at least sixteen days before Mr. Wasson, the attorney for the Johnson Hardware Company, paid the amount due on the judgment and took an assignment of it, he was notified in writing by Mr. Child that this property had been sold by Mrs. Johnson. For this reason and granting that everything said by the supreme court in the opinion and decision recently handed down to be correct, still we insist that the record in this case fully and abundantly shows notice to the assignee given by the assignor before the assignment in question; and for this reason we suggest that the court should affirm the decision of the lower court and hold that the case of *Duke* v. *Clark, supra,* does not control the present case.

We submit also that we are entitled to the weight which is generally given and accorded to the decision of the chancellor on matters of fact and taking this question into consideration and granting everything that the court says in the opinion handed down, still we suggest that it is error to reverse the case and that on the contrary the court should note the fact that actual notice was given to Mr. Wasson, who has been acting throughout as the representative of the Johnson Hardware Company and

that, therefore, we have shown actual notice and come within the requirements of the court in *Duke* v. *Clark*.

II. We submit that where a judgment is rendered against three men and one of them pays the judgment, he cannot thereby become an innocent purchaser for value of the judgment. The court's attention is called to 15 R. C. L., section 297 at pages 826-27, citing *Fowler* v. *Wood*, 10 S. E. 93, 5 L. R. A. 721. Our position is well stated in the case of *Sherwood* v. *Collier* (N. C.), 24 Am. Dec. 264.

So we urge most seriously that even though the court does not hold with us that this was a payment and extinguishment of the debt, still the court holds with us at least to the extent that the Johnson Hardware Company is not and cannot under any construction of this case be held to be a *bona-fide* purchaser for value of this judgment and we again urge that they did have notice by virtue of the letter from Mr. Child to Mr. Wasson.

COOK, J., delivered the opinion of the court.

This cause was heretofore reversed and judgment entered for the appellant, in an opinion in which we held that, conceding that the attorney who represented the original judgment creditor had notice of the sale of the land involved or of facts sufficient to put him on inquiry, prior to the rendition of the judgment, "still the appellant, the assignee of the judgment, was not affected or bound by this notice to its assignor," and in support of this view, we cited the case of *Duke* v. *Clark*, 58 Miss. 465, which expressly so held. A suggestion of error has been filed, in which it is admitted that the above announcement is correct and is supported by the case of *Duke* v. *Clark*, *supra*, but our attention is directed to the fact (which was not mentioned in the original briefs of counsel) that, prior to the time the appellant paid off this judgment and secured the assignment thereof to it, the at-

torney who represented the original judgment creditor notified the appellant's attorneys, by letter dated December 20, 1919, that the land in question had been sold by the judgment debtors.

This renders necessary a decision of the question, which was reserved in the former opinion, of whether or not the proof would support a finding by the chancellor that the attorney who represented the original judgment creditor in securing the judgment had notice of the sale of the land or of facts sufficient to put him on inquiry, and also the question of whether the letter of December 20, 1919, from this attorney to the attorneys representing the appellant in its efforts to secure a discharge of the judgment by the original judgment debtors, constituted such notice to appellant as will defeat its claim of right to enforce the judgment as a lien on the land in question.

As stated in the original opinion, the testimony of the attorney who represented the original judgment creditor in securing the judgment, in regard to his knowledge of the sale of this land and his recollection of the entire matter, is uncertain in many respects, still, when his entire testimony is considered together, we are of the opinion that the chancellor would be warranted in finding therefrom that he had actual notice of the sale of the land in question prior to the rendition of the judgment, and that such notice was acquired in the course of the transaction in which he was employed, and it has been held by this court that such notice to an attorney will be imputed to and binds his client. *Edwards* v. *Hillier,* 70 Miss. 803, 13 So. 692. This being true, the judgment in the hands of the original judgment creditor did not constitute an enforceable lien on the land here involved.

We are of opinion that the letter of December 20, 1919, from the attorney of the original judgment creditor to the attorneys of the appellant company, which was written some time prior to the time the appellant paid off the judgment and secured the assignment thereof, was sufficient to charge the appellant with notice of the prior sale

·of the land, or of facts sufficient to put it upon inquiry, and that it did not become a *bona-fide* purchaser of the judgment without notice, with the consequent right to enforce the same against the land in question.

The suggestion of error will therefore be sustained, and the decree heretofore entered will be set aside, and the decree of the court below will be affirmed.

*Suggestion of error sustained, and cause affirmed.*