DECEMBER TERM, 1843.

GEORGE FISHER, *et al.* ADMINISTRATORS OF JESSE S. BROWN
(DECEASED) *v.* BENJAMIN GRIMES.

F. and others, administrators of B., sold the real estate of B. to E., and filed their bill to
foreclose the statutory lien, for the purchase-money.  B.'s wife had dower allotted to
her, in the lands, and sold her right of dower to E., who dies : E.'s widow resists the
application to foreclose the statutory lien, and claims dower in the dower right pur-
chased by E.; *held*, that the purchase of E., of the dower right of B.'s widow, accrued
to the benefit of the administrators, and that E.'s widow was not entitled to dower in
the premises.
A wife is dowable only of an estate of inheritance.  A mere life estate is not the subject
of dower.

THE bill was filed by Fisher Beverly, R. Grayson, and Nancy
Brown, administrators and administratrix, *cum testamento annexo*,
of Jesse S. Brown, deceased, and alleged that their testator was
seised of lands in his lifetime, which, by order of Court, they had
sold to Burwell T. Edrington, who gave his note, with sureties for
the purchase-money, and they conveyed the land by deed to Ed-
rington ; that Edrington died, leaving a widow and two children ;
that, before his death, he sold the lands in controversy to the
defendants then in possession, who had full notice of the statutory
lien, which the complainants pray may be enforced.

Mrs. Edrington answered the bill ; she stated that the widow of
Jesse S. Brown had conveyed her right of dower, in the land sold,
to Mr. Edrington ; that, as the widow of Mr. Edrington, she had
claimed, and the Probate Court of Yazoo county had allotted to
her, dower of one third of the dower right in the lands of Mrs.
Brown, which she claimed to hold exempt from the mortgage, and
prayed that her interests might be protected.   The other defendant
made no answer.

*Wilkinson* and *Miles*, for complainants.

This is a bill filed to foreclose the administrators' lien for the
purchase-money.   There is no controversy about the facts.   The

land was sold, the note given for the purchase-money unpaid ; and a sale of the same land, in payment of the note, is all that is asked.

There is nothing in the defence of Mrs. Edrington : the purchase by her husband was but the life estate of Mrs. Brown ; an interest not subject to dower.

*R. S. Holt*, for defendant Edrington. .

The facts in the case fully proven, show, an unquestionable right in Mrs. Edrington to that portion of the land in controversy which was assigned her, during the joint lives of herself and Mrs. Brown.   She, as to this, is clothed with the rights of Mrs. Brown, which were superior to the claims of the personal representatives of Jesse S. Brown.

As to the land, therefore, assigned to Mrs. Edrington, the Court can only decree the sale of the residuary interest after the termination of her estate.   To obtain this protection of her interest, is the object of her answer. .

CHANCELLOR.   This bill is filed, by the administrator of Jesse S. Brown, to foreclose the statutory mortgage, given by our laws, on a tract of land, sold by him under an order of the Probate Court of Yazoo county.   It appears that Edrington, who became the purchaser at that sale, has since died, and the land was again sold, as his *property* ; at which sale the present holders became purchasers, with full notice of the prior lien in favor of the complainants. It also appears that Mrs. Brown, the widow of Jesse S. Brown, claimed and had allotted to her dower in the land thus sold, and that *Edrington afterwards purchased her dower right therein.*   Upon the death of Edrington, his widow claimed and had allotted her one third of the dower right so purchased by her husband from Mrs. Brown, and she now claims to have that right protected, under any decree that may be made in this case.   It is clear that, by the purchase of the right of dower from Mrs. Brown, Edrington became thereby clothed with a vested fee simple title to the entire tract of land, and his whole estate in it became thereby subject to the operation of the statutory mortgage.   Here was a union of the life estate and the estate in remainder, in the same person—thus the

former became completely merged in the latter. I take it to be well settled, that a purchase by a mortgagor of an outstanding title to the land, will enure to the benefit of the mortgagee. The widow would, perhaps, be entitled to dower in the equity of redemption of her husband, upon paying a ratable proportion of the money due on the mortgage. But this she does not ask. She asks to be endowed of the life estate her husband purchased in the land, after the statutory mortgage took effect. I have already shown that this life estate became merged in the fee, and was thus made subject to the mortgage. But if it were possible to consider a life estate separate from the remainder, after they were both united in the same person, still it is evident that the widow could have no claim to dower in the life estate. The wife is dowable only, at common law, out of an estate of inheritance, of which the husband was seised, either at his death or during coverture ; and our statute has made no change in this particular. A mere life estate is not the subject of dower. Both the freehold and the inheritance must unite in the husband, in order to entitle the wife to dower. 4 Kent's Com. 39. I am of opinion that the complainants are entitled to foreclose the mortgage against the claim set up to dower.

Let a reference be made, to ascertain the amount due on the purchase.