Mr. Justice Clayton
delivered the opinion of the court.
The record shows that Madison Walthall entered a tract of land in the office ^t Columbus, and in January, 1837, sold it, and assigned the certificate of the register of the land office to *349 John H. Davis. In October, 1838, a judgment was rendered in the circuit court of Lowndes county against Walthall, under which an execution issued, and the land sold to the defendant, Hightower, in September, 1840, who sold to the complainant, Wilty, in December, 1840, and made conveyance by deed, with general warranty. The complainant had previously, in August, 1839, purchased the same land ofDavis, the assignee of Walthall. A patent was issued by the government to Davis, in December, 1841, who conveyed by deed to Wilty, in May, 1844.
The bill states that Hightower misrepresented the nature of his title at the time of his sale; that the complainant has been evicted under paramount title, and prays that the contract may be rescinded, the deed cancelled, and Hightower decreed to repay the money with interest. There was no proof of eviction, nor any evidence in the cause, except the several title papers referred to.
It hence appears that the complainant had purchased the land of Davis, and was in possession at the time of the sale by the sheriff to Hightower. All the parties derive their title from Walthall. After the sale by Walthall to Davis, and the purchase and possession of Wilty, Walthall had no interest which could be sold under execution. See Money v. Dorsey, MS. His only evidence of title at any time was the certificate of the register of the land office; that certificate had been transferred prior to the judgment. Neither he nor Davis had any title upon the records of the probate court of the county in which the land was situated. The possession of Wilty, at the time of the sale under execution, was notice of his title to the judgment creditor, and the purchaser, according to the decision of the majority of this court, in Dixon & Starkey v. Lacoste, 1 S. & M. 107. It would seem therefore to follow, that at the time of the sheriff’s sale, Walthall had no title, and consequently that Hightower got none.
But the title was embarrassed, and in the estimation of the parties involved in doubt. We cannot say that Wilty had not a right to buy his peace, or to purchase up all the conflicting claims. The charge of misrepresentation is denied, and there is *350 no proof of it. The bill alleges an eviction, but there is no testimony to sustain it. Indeed, it is difficult to see how there could have been an eviction, when all the titles and claims were concentrated in the complainant’s own hands.
If the agreement in this case had not been executed, and Hightower had filed a bill for specific performance, we might not perhaps have made a decree in his favor. Neither do we think the complainant has made out such a case of fraud or of plain and palpable mistake, affecting the substance of the subject-matter of the contract, as will justify the rescinding of the contract. It is a general rule, “ that if there be a mere failure of consideration, arising from the sale of a defective legal title, unmingled with fraud or bad faith, the vendee will be left to the covenants and warranty in his deed.” Thompson v. Jackson, 3 Rand. 507; Osgood v. Franklin, 2 Johns. Ch. R. 23. Oases are numerous in which a bill and cross-bill, the one for specific performance, the other for rescission, have been both dismissed, and the parties left to their legal remedies.
A vendor is in general only liable to the extent of his covenants ; but there may be such misrepresentation as will give a purchaser a right to relief, to which the Covenants do not extend. Nor is an eviction necessary to entitle the complainant to relief in equity, from the consequences of a fraud practised upon him. Edwards v. McLeary et al. Cooper’s Eq. R. 318. But in the case before us, the charge of misrepresentation has not been made out.
We think the decree of the vice chancellor was correct, and affirm it, without prejudice to any legal remedy of the complainant.
Decree affirmed.