## ENOCH C. BELL *v.* WM. M. FLAHERTY.

1. EXECUTION SALE — RIGHTS OF THE PURCHASER. — A purchaser at execution sale, under a judgment at law, takes the interest which the debtor has in the lands, at the date of judgment, subject to prior equities.

2. VENDOR AND VENDEE — INTEREST OF THE VENDOR, WHERE THE VENDEE IN POSSESSION HOLDS A BOND FOR TITLE. — Where a vendee goes into possession of lands holding a bond for title, on making a deferred payment, the vendor holds the legal title as trustee, to convey to the vendee on his making such payment.

3. NOTICE — EFFECT OF POSSESSION UNDER A TITLE BOND. — Where possession accompanies a bond for title, it is unnecessary to record the bond, because the possession of the vendee is sufficient notice to put third parties on inquiry as to his title.

4. CIRCUIT COURT — EVIDENCE — TITLE BOND, WHEN ADMISSIBLE. — Plaintiff put in evidence a judgment, execution and purchase at sheriff's sale, defendant offered a bond for title made by the defendant in execution, under which plaintiff claimed, prior in date to the judgment, accompanied with the facts, that he had gone into possession under the bond, and afterward received a deed, made in pursuance of the bond, after the last payment: *Held*, the bond was properly admitted.

5. SUPREME COURT — PRACTICE — WHAT OBJECTIONS CONSIDERED ON WRIT OF ERROR. — Where a case is brought up, on the refusal of the court below to grant a new trial, the supreme court is confined to the objections stated in the motion for a new trial.

ERROR to the circuit court of Pontotoc county. BRAD-
FORD, J.

The facts appear in the opinion of the court.

*Geo. L. Potter*, for plaintiff in error,
Cited Peal v. Henderson, 24 Miss. 106; Code, 317, 388.

*Wilson & Carr*, for defendant in error,
Cited Mooney v. Dorsey et al., 7 Smedes & Marsh. 15;
Kelly v. Mills, 42 Miss. 267.

SIMRALL, J. :

Both parties derive title to the *locus in quo* from the
same source. The controversy is, which has the better ?
The plaintiff in error purchased at a sheriff's sale under a
judgment recovered by him against E. H. Flaherty. The
defendant in error claims title by purchase from E. H.
Flaherty, 10th December, 1859.

The judgment under which the land was sold was
recovered 10th October, 1860. The sale was made by the
sheriff the 8th April, 1867, for the sum of $50.

The defendant purchased the premises on the 10th
December, 1859, on the consideration of one-half cash ($300),
and the balance to be paid ($300) December 25, 1861; the
deed to be made when the deferred payment was made.
The testimony of the vendor is, that shortly after the sale
possession was delivered, he moving off to another place
about eight miles distant. The vendee testifies, that he was
let immediately into possession and has ever since occupied
it. That he caused the deferred payment to be made to the
sheriff for the plaintiff on his debt, the judgment against his
father, the vendor; and that, at the date of his purchase, he
had no knowledge of this indebtedness of his father to him.

The plaintiff read, in evidence to the jury, the deed from
E. H. Flaherty to the defendant, dated 7th March, 1861,
and the judgment under which he purchased the lands.
The verdict was for the defendant; the case is brought into

this court by writ of error. This question arose on the admissibility of evidence, and the refusal to grant a new trial for two reasons assigned : 1st. The verdict is contrary to the evidence ; 2d. It is contrary to the law.

The plaintiff objected to the reading of the title bond of E. H. Flaherty to the defendant, because it opposed no title which could defeat a recovery.

This bond is elder in date, by about ten months, to the judgment under which the plaintiff derives title ; but it is urged for the plaintiff that it was not acknowledged and recorded, and therefore gave no notice to him, nor had he actual notice before the recovery of his judgment.

The rule specifically stated in Walton v. Hargroves, 42 Miss. 26, is to the effect, that a general judgment lien confers a right to levy on property to the exclusion of adverse interests subsequent to the judgment. The lien is subject to all the equities which exist at the time in favor of third persons. A court of chancery will limit the lien to the actual interest of the judgment debtor in the property. The "actual" interest of the judgment debtor in this case was a right to the unpaid purchase-money, as security for which he retained the legal title. The purchaser under the judg ment would be substituted to the place and privileges of the debtor. If he bought while the vendor and vendee bore the relations and the relative duties and obligations imposed by the title bond, he would have acquired the legal title, incumbered as it was with a trust in favor of the vendee, that it should be conveyed to him in payment of the balance of the purchase-money. The vendee (the defendant) in that case would have compelled a surrender of the legal title to him, on payment of the balance of his debt. But the defendant acquired the legal title in March, 1861, several years before the sale under the judgment.

At no time could a sale under the judgment have defeated the equitable title of William M. Flaherty (if that transaction was *bona fide*); it could only have conferred a right to hold the land until the balance of the debt, for it was paid

to the purchaser from the sheriff.    The jury were warranted to accept, as proved, the fact that William M. Flaherty went into possession immediately after his purchase in 1859. His possession was notice of his title.    In Perkins et al. v. Swank et al., 43 Miss. 361, it is said that "possession is a fact to put creditors and purchasers on inquiry as to the nature and extent of the estate of the vendee, and has the effect of charging with knowledge of his actual estate and title."    See, also, Dixon v. Lacoste, 1 Smedes & Marsh. 107. The plaintiff then, at the date of his judgment, must be taken to have notice of the "estate" of William M. Flaherty ; that is, that he was a purchaser holding under an equitable title, with a right to the legal title, when he performed his covenant.    If the plaintiff had bought at sheriff's sale, before this covenant was performed, he would have been trustee of the title for the defendant.    If he failed to sequester the debt by garnishment, before William M. Flaherty paid it, his remedy against it is gone.    But the testimony tended to show, and may have been satisfactory to the jury, that the defendant paid to the sheriff, for account of the plaintiff's judgment, the balance due from him to his vendor, who was the judgment debtor.    This payment was made long before the levy and sale by the sheriff, and, if so, was a satisfaction of the claim of the plaintiff against the land full and complete ; for we have seen that the extent of the right of the creditor, as against the land, was the balance of the purchase-money from William M. Flaherty to his vendor.    We think there was no error in allowing the title bond to be put in evidence to the jury.    The title bond, coupled with the fact that the defendant had paid on the plaintiff's judgment against his vendor, the balance on the land due at the date of the judgment, clothed him with a complete equity sufficient to defend his possession, and having also a deed invested him with a complete legal title also.    The case of Mooney v. Dorsey, 7 Smedes & Marsh. 18, is, in many of its features, like this.

VOL. XLV. — 88

The instructions granted and refused cannot be considered by us. The case is brought up from the decision refusing a new trial. This court is confined to the objections taken in the court below. If in the motion there is not complaint made of the rulings on the prayers for instructions, it will be considered that the plaintiff here was satisfied with them. The ground in the motion is, that the verdict is against the law. This does not necessarily imply that the court misconstrued the law and improperly charged the jury.

The testimony entirely fails to impeach the transaction between E. H. Flaherty and W. M. Flaherty as fraudulent, as to the creditors of the former. The only evidence tending to establish fraud is the existence of the debt, subsequently merged into judgment, but the purchaser was ignorant of the debt and suit. Nor was it necessary to acknowledge and record the title bond. As between the parties registration imparted no additional force. Subsequent purchasers and creditors, with notice, are bound by it. Possession by the vendee is notice of his title.

*Judgment affirmed.*