Syllabus.

---

## MARTHA D. CLAIBORNE VS. EDWARD W. HOLMES et al.

1. CONVEYANCES: *Statutes of registration.*

   Every conveyance, except deeds in trust and mortgages, lodged with the clerk for record within three months from the date of execution, shall take effect and be valid, so as to prevail against a purchaser or creditor, from the date of its delivery. Deeds in trust and mortgages shall be valid only from the date of deposit with the clerk for record, and have no relation back to any act or date. If the instruments to which three months are allowed for record are not registered within the time, they operate to give notice only from the date they are lodged with the clerk for record.

2. SAME: *Proof thereof.*

   It is competent to show by proof the exact time of acknowledgment and delivery of a deed, when this is necessary to establish its priority.

3. REGISTRATION: *Its effects as notice.*

   Registration in legal intendment is conclusive notice to the parties to be affected by it. If notice of a prior unrecorded deed is communicated to a purchaser, it will prevail over a subsequent recorded deed.

4. SAME: *Constructive notice.*

   Possession is notice, or a fact from which notice may be inferred. A subsequent vendee with notice is a purchaser *mala fide.* The notice must be clearly proved. So where the evidence is to fix the notice inferentially, the circumstances must be positive, distinct and emphatic.

5. *Case in judgment.*

   On the 10th of January, 1860, D. executed a deed to Mrs. D., acknowledged it January 18, 1860; it was lodged for record January 30, 1860. On the 14th of January, 1860, D. gave a deed in trust on same lands to S., acknowledged it January 18, 1860, and on the same day it was lodged with the clerk for record. Mrs. D. was in possession of part of the *locus in quo* in 1859 as tenant or lessee of D. *Held*, that the deed to Mrs. D. being executed before the deed in trust, and being filed for record within the time allowed by the statute, relates back to and takes effect against subsequent purchasers from the day of its delivery, and if delivered before the mortgage took effect, would be superior to it, and that it was competent to show by proof the exact date of its delivery; that the possession of Mrs. D. in 1859 was only notice of her title as tenant or lessee of D., and under the circumstances, was not sufficient to justify the inference that she had purchased the land and held the fee.

ERROR to the Circuit Court of *Adams* County.

Hon. A. ALDERSON, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

The following is assigned for error, to-wit:

1. The court below erred in permitting the defendant in error to introduce in evidence the transcript from the chancery court of Adams county, in a cause entitled J. S. B. Thatcher *v.* W. H. Dunbar and wife.

2. The court below erred in refusing to allow the plaintiff in error to introduce in evidence in their behalf the deed from W. H. Dunbar and wife to Martha W. Dunbar, dated January 10, 1860.

3. The court below erred in overruling the motion of defendant for a new trial.

*W. F. Mellon,* for plaintiff in error :

If this deed is senior to the mortgage, the controversy is settled. If it is junior to the mortgage, the court was still in error in admitting the chancery transcript.    In ejectment, the defendant has the right to introduce all evidence of title that he may have.    At the time of bringing the chancery suit, Mrs. Martha W. Dunbar was in the actual, visible, notorious possession of the land, and had been for years, claiming title under a registered deed dating back to January 10, 1860, and not made a party to the suit of foreclosure, not afforded the opportunity of taking an account of moneys due on the mortgage, or to redeem the land from the mortgage.    We insist that the deed is senior to the mortgage, or at all events, that the mortgage is not paramount to our deed, and the plaintiff in ejectment must show a title paramount to the defendants.    He must recover on the strength of his own title. Cited the Code of 1857, art. 23, p. 310.    Deeds which shall be acknowledged, or proved and certified, and filed for record within three months from their execution (the signing, sealing and delivery), take effect from the date of their delivery (to the vendee). Code 1857, art. 19, p. 309; art. 23, p. 310.

---

---

Again, the defendant was in possession, open and notorious, under acknowledged and unregistered deed. One having notice of a deed is affected by it, though not acknowledged. 2 Clarke (Iowa), 315; id., 378. The open occupation is sufficient to put a party on inquiry. 22 Ill., 610; 2 Cal., 363; 23 Ga., 201; Gordon *v.* Sizer, 39 Miss., 805. See George's Digest, p. 180, No. 47.

*W. L. Nugent,* for defendant in error:

The efficacy of the conveyance must be determined by a construction of the laws relating thereto. See arts. 19, 21, 23, § 4, ch. 36, Code of 1857; Dixon & Starkey *v.* Lacoste, 1 S. & M., 70. Art. 19 of the act stipulates that no such conveyance shall be good unless acknowledged and lodged for record; but art. 21 provides that conveyances shall be void as to creditors and subsequent purchasers without notice, unless they shall be acknowledged and lodged for record. See art. 23, *supra;* McRaven *v.* McGuire, 9 S. & M., 34; Waterhouse *v.* Martin, Peck, 412; Patton *v.* Cooper, Cook, 133.

SIMRALL, J., delivered the opinion of the court.

Both parties trace title back to the same source. Mrs. Claiborne derives title through Mrs. Dunbar, to whom William Dunbar had conveyed the premises. Mrs. Holmes derives title by purchase, and a commissioner's deed, under a decree foreclosing a mortgage executed by William H. Dunbar, to Jos. B. Thatcher. Mrs. Claiborne is the devisee of Mrs. Dunbar. Each party claims the superior right by reason of the respective conveyances of W. H. Dunbar. The question then is, Which is prior and superior, the absolute conveyance to Mrs. Dunbar, or the mortgage to Thatcher? The deed to Mrs. Dunbar bears date the 10th of January, 1860, was acknowledged the 18th of January, 1860, and was lodged with the clerk for record the 30th of the same month. The mortgage to Thatcher was dated January 14th, acknowledged on the 18th, and on the same day lodged with the clerk for record. Mrs. Claiborne insists that her title, under the registry act, is valid against all subsequent conveyances or incumbrances of W.

H. Dunbar, from the date of his deed to Martha Dunbar. She also claims the benefit of constructive notice, by reason of the possession of the *locus in quo* by her devisee. Mrs. Holmes insists that the mortgage was first recorded, therefore, she has the superior right, and that the pretention of constructive notice arising from Mrs. Dunbar's possession is not of the character to justify the inference of notice to Thatcher, the mortgagee.

The question resolves itself into two inquiries : First, how the rights of the respective parties are affected by the registry laws; second, was Thatcher charged with constructive notice of the deed to Mrs. Dunbar? By the 19th art., p. 309, Code, 1857, " a conveyance of a freehold, or for a term of more than one year, shall not be good against a purchase for a valuable consideration, without notice, or any creditor, unless the same be acknowledged * * * or proved * * * * and lodged with the clerk of the probate court for record."

The 21st art., p. 310 : "All bargains and sales, and all other conveyances whatever of lands, * * and all deeds of settlement upon marriage, wherein lands, money or other personalty shall be settled, * * * * etc., and all deeds of trust and mortgages whatsoever shall be void as to all creditors and subsequent purchasers for valuable consideration, without notice, unless acknowledged or proved, and lodged with the clerk of the probate court to be recorded."

The 23d art., p. 110, makes every conveyance, covenant, agreement or other deed mentioned in the act (except deeds of trust and mortgages), which are acknowledged, or proved and delivered to the clerk * * * to be recorded, within three months after its execution, take effect and be valid from the date of its delivery; but deeds of trust and mortgages whenever they shall be delivered to the clerk to be recorded.

A recapitulation of the substance of these several sections may be thus stated : In order that a conveyance of lands may be good against a subsequent purchaser, or creditor, the deed must be recorded, or such purchaser or creditor must otherwise have

notice of it. If not lodged with the clerk for record, or notice otherwise given to the subsequent purchaser or creditor, it is as to them void.

Every conveyance, covenant, agreement or other deed (except deeds of trust and mortgages), lodged with the clerk for record, within three months from the date of execution, shall take effect and be valid from the date of delivery.

But mortgages and deeds of trust shall be valid from the date of deposit with the clerk for record. A purchaser for value who accepts a deed, with notice that his vendor has already conveyed the premises, is excluded from the benefit of the statute. So, also, is a creditor with like notice.

The lodging with the clerk of any of the instruments enumer‐ ated in the act for record (except deeds of trust and mortgages) within three months after execution, makes such instruments valid from date of delivery, so as to prevail against a purchaser or creditor who has acquired a right subsequent to the date of delivery, although prior to the time of deposit of the instrumen with the clerk. In other words, filing the deed with the clerk within the three months, makes the benefit of registration relate back to the day of delivery, so as to prevail against intermediate conveyances or incumbrances. Deeds of trust and mortgages however have no relation back to any act or date; and notice to subsequent purchasers and creditors begins from the time they are filed with the clerk for record. If the instruments to which three months are allowed for record are not registered within the time, they operate to give notice from the date they are lodged with the clerk.

Chancellor KENT, commenting upon the registry acts of this and the other states, says: "If the deed be received within the time limited, it has relation back to the time of execution, and takes effect according to the priority of the time of execution, and not according to the priority of the registry." 4 Kent, 532, top margin 457; Walker's American Law, 385–6. The statute of Georgia is like ours, except that it allowed twelve months for

recording; in Anderson *v.* Dugas, 29 Ga., 442, it was said, if registered within the time, it related back to the execution. The same construction has been placed upon the Ohio statute. Northrup's Lessee *v.* Brehmer, 8 Ohio, 392. See, also, McRaven *v.* McGuire, 9 S. & M., 48. The deed to Mrs. Dunbar was filed for record twenty days after its date and twelve days after it was acknowledged. In date it is four days older than Thatcher's mortgage; both were acknowledged and lodged for record on the same day.

Mrs. Dunbar's deed being registered within the time, relates back and takes effect against subsequent purchasers and creditors to the day of its delivery to her. If the deed had been completely executed and delivered on the 10th of January, its date then is older than the mortgage, and would prevail against it. But, whether delivered on that day or on the 18th of the month, when it purports to have been acknowledged, is a question of fact open to testimony. It is a question of fact which may be explained by testimony precisely on what day each instrument became complete by delivery, and if both were delivered on the same day, which is prior in point of time. If it shall become necessary to inquire which was first filed with the clerk for record, testimony should be received on that point. If these views of the registry act are sound, as we think they are, after the most mature consideration of the subject, the deed to Mrs. Dunbar ought to have been admitted in evidence to the jury, and it was error to have excluded it.

Registration in legal intendment is conclusive notice to the parties to be affected by it. But if notice of a prior unrecorded deed is otherwise communicated to the purchaser or creditor, then as to him it is not secret, and the prior deed shall prevail. Such was the construction placed upon the English statutes. Le Neve, *v.* Le Neve, 3 Atk., 646.

Such is the settled American rule. 4 Kent Com., 169; Henderson *v.* Downing, 24 Miss., 106; Cohen *v.* Carroll, 5 S. & M., 545; Perkins *v.* Swank, 43 Miss., 349. It is contended that aside

from the question of registration, Thatcher had notice of the con-
veyance to Mrs. Dunbar. It is not pretended that Thatcher had
positive knowledge of the· deed, but that he had knowledge of
facts from which notice should be inferred. The alleged fact is,
the possession by Mrs. Dunbar after her purchase. It is laid
down in many cases that possession is notice, or a fact from which
it may be inferred. 1 S. & M., 107; Wilty *v.* Hightower, 6 id.,
345; Jones *v.* Loggins, 37 Miss., 546. The subsequent ven-
dee, with notice, is a purchaser *mala fide.* Where the evidence, as
in this case, is to fix the notice inferentially, the circumstances
ought to be positive, distinct and emphatic. The notice must be
clearly proved. McMechan *v.* Griffing, 3 Pick., 154. The tes-
timony on this point was that Mrs. Dunbar was in possession of
part of the Mount Vernon plantation, the field east of the public
road, the land involved, in 1859, as tenant or lessee of W. H.
Dunbar. Her possession in 1859 could only be notice of her
title, as tenant. Could the neighborhood or the public infer
more? On the 10th of January, 1860, the date of her deed, and
only ten days after her tenancy had expired — at that date her
occupancy would be referred to the title under which she origi-
nally entered. Not more than ten or eighteen days had elapsed
when she ceased to be lessee and became tenant in fee. When
Thatcher took his mortgage the occupancy was continuous.
From the circumstances the inference would not be just, that she
had purchased the land and held the fee. The transcript of the
proceedings and decree in the foreclosure suit against W. H. Dun-
bar and wife, and the deed of the sheriff, as commissioner, to
Mrs. Holmes, were admitted in evidence against the objection of
the defendant. It is legitimate, under our practice, for either
party to select the order of the introduction of testimony unless
that which is offered is dependant for competency upon the proof
of some precedent fact. These judicial proceedings, and the sale
under them, constituted the foundation of the plaintiff's title. If
they were rejected the plaintiff would be cut off from the pre-
sentment and consideration of her title. To allow them in evi-

dence did not imply that title conferred a complete title. The competency and admissibility of testimony is a different consideration altogether from its value, or sufficiency to sustain the issue. The question was, whether it was relevant and tended to sustain the plaintiff's case. It was competent to show that the title which passed to the mortgagee was transfered to Mrs. Holmes. But it was still open to inquiry and determination by testimony, whether the mortgage had been executed and delivered before the deed to Mrs. Dunbar, and which had been first lodged for record. Inferences or presumptions may be drawn from the date of the deed and acknowledgment as to the time of delivery. But the exact time may be established by proof. If no testimony were adduced, except the deeds themselves, and the indorsements upon them, a presumption would arise as to the time of their respective deliveries. The acknowledgment and subsequent registration is presumptive, but not conclusive evidence of delivery. Ingraham v. Grigg, 13 S. & M., 22 ; Bullitt, Miller & Co. v. Taylor, 34 Miss., 708. See Kane v. Mackin, 9 S. & M., 387. These records were admissible on the same grounds that the judgment under which a sheriff sells is admissible for the purchaser at his sale. Both tend to show that the title of the respective defendants passed by the sale and officer's deed. The purchaser, however, may be required to show what was the title of the mortgagee or judgment debtor. There was no error in the admission of these papers. For the error hereinbefore indicated the judgment is reversed and cause remanded.