Syllabus.

# B. G. HUMPHREYS vs. C. E. MERRILL et al.

1. BILL IN EQUITY TO REMOVE CLOUDS: *Registration of deeds. Notice.*

M. sold to H. the land in controversy in February, 1860, and executed bond for title, which bond was not recorded until September, 1867. In October, 1865, H. assigned the title bond to E., who, in January, 1866, in consideration of love and affection, assigned the bond for title to Mrs. A. M. M., to whom M., in May, 1867, executed a conveyance in fulfillment of his contract with H. B. G. H. recovered a judgment against M. in October, 1860, which was duly enrolled, etc. Execution issued upon this judgment and was levied upon the land in controversy. A sale was made thereof by the sheriff, and B. G. H. became the purchaser, to whom a deed was made, etc. A bill was filed by Mrs M. to cancel this deed as a cloud upon her title, etc. *Held,* that a prior unrecorded deed of the judgment debtor is void as against his creditor, of which he had no notice at the date of the recovery of the judgment and the acquisition of his lien; that a knowledge of the conveyance acquired subsequent to the attachment of the lien will not affect or displace it.

2. REGISTRATION OF DEEDS: *Arts. 19, 21, 23 of Code of 1857.*

All the instruments mentioned in the statutes are void as against subsequent purchasers for value and creditors without notice unless acknowledged and recorded, etc. The policy of these statutes is to make void secret sales and conveyances whereby purchasers and creditors without notice would be injured. As to them the statute regards the title as still in the grantor. The law imposes upon a purchaser the duty to spread the muniments of his title upon the public records. If he fails to do that, he cannot prevail against a subsequent purchaser for value, or a creditor, unless he can charge them with notice of his prior right. Creditors are put upon the same footing, as to notice, with purchasers.

APPEAL from the Chancery Court of *Carroll* County.

Hon. DALLAS P. COFFEY, Chancellor.

The material facts necessary to a full understanding of this case are very fully set out in the opinion of the court.

The following errors are assigned, to wit:

1. That the demurrer of appellant to the bill was improperly overruled.

2. That the final decree should have been for appellant, instead of for appellee.

*Harris & George* and *F. W. Keys,* for appellant.

*A. M. Nelson,* for appellee.

[Reporters find no briefs in the record on either side.]

SIMRALL, C. J., delivered the opinion of the court.

On the 15th of February, 1860, J. W. S. Merrill made: a contract of sale of the lands in controversy to Hyeronomous. This contract was recorded the 16th of September, 1867. The instrument (a bond for title) was assigned by Hyeronomous on the 18th of October, 1865, to Exum, who, on the 15th of January, 1866, on the consideration of love and affection, assigned to Anna M. Merrill, to whom J. W. S. Merrill, on the 12th of May, 1867, made a conveyance, in fulfillment of his, contract. B. G. Humphreys, on the 12th of October, 1860,. recovered a judgment against Merrill, which was duly enrolled.. The land in litigation, being parcel of those lands embraced in. the contract between Merrill and Hyeronomous, and the deed of the former to Anna M. Merrill, was sold by the sheriff under the judgment, and bought by the creditor, B. G. Humphreys.

The complaint made in the bill by Anna M. Merrill is. that. the sale by the sheriff and his conveyance to Humphreys is a, cloud, as to two-thirds of the land, upon her title. The relief prayed is that it may be removed by setting aside the deed.. The question of law is, what was the right of Humphreys to sell the land as the property of Merrill, and how is the ques-- tion affected, if at all, by the registry laws?

The principle declared in Henderson v. Downing, 24 Miss., 106, and Harper v. Tapley, 35 Miss., 506, is that a prior- unrecorded deed of the judgment debtor is void as against his. creditor, of which he had no notice at the date of his recovery and the acquisition of his lien. A knowledge of the conveyance- acquired subsequent to the attachment of the lien will not. affect or displace it.

Articles 19, 20, 21, 23, pp. 309, 310, of the Code of 1857, were considered in the late case of Claiborne v. Holmes et al., 51 Miss., 146, decided at this term. The 21st section de- nounces as void all the instruments therein named, as against subsequent purchasers for value and creditors without notice, unless acknowledged or proved and lodged for record, etc. All such instruments, except deeds of trust and mortgages, if

deposited with the clerk within three months, take effect from their execution.    Art. 24, pp. 210, 211, authorizes the acknowl-edgement or proof of every title-bond or other written contract in relation to land, and the delivery thereof to the proper clerk for record, which shall be taken and held as notice to all sub-sequent purchasers, etc.

The complainant does not allege notice of the sale and pur-chase to those who might be or become interested, otherwise than by registration, long after Humphreys recovered his judg-ment.    Hyeronomous' purchase from Merrill was secret, and unknown to Humphreys at the time he recovered his judgment. If he had been a purchaser, with an absolute unregistered deed, instead of bond for title, the case would fall literally within arts. 21, 23, and the cases above cited.    The transaction would have been as though it had never been made, and the title would have remained with Merrill for the purposes of satisfy-ing the judgment.    The registry laws were very thoroughly considered and expounded in the case of Dixon & Starkey v. Lancaster, 1 S. & M., 96 to 107 inclusive, and the opinion expressed that creditors are put, as to notice, upon the same footing with purchasers.    The language of the chief justice is, "that creditors with notice are as much within the spirit and meaning of the whole act as purchasers with notice."

The policy of the statute is to make void secret sales and conveyances by debtors, whereby purchasers and creditors without notice would be deceived and injured.    As to them the statute treats the title as still remaining in the grantor, and as passing by the subsequent conveyance or liable to creditors. The purchaser under the judgment refers his right, through the sheriff's deed, back to the judgment and its lien, and obtains all the rights in that respect of the creditor.    Chief of these is the privilege to appropriate the property of his debtor to sale under his judgment, in preference to any title transferred by a secret sale to a third person.

The law imposes the duty upon a purchaser to spread his muniments of title upon the public records, so that it may be

known that he is owner. If he fails to do that he takes the risk of a subsequent sale, for value, of the property by his vendor, or of its subjection to his debts ; nor can he prevail against such purchaser or creditor unless he can charge the purchaser or creditor with notice of his prior right.

The complainant has entirely failed to show that she is the " real owner " of the land, and that the deed of Humphreys is a mere shadow upon her title.

Wherefore the decree is reversed, and judgment rendered in this court dismissing the bill.