### A. A. TAYLOR *v.* E. MOSELY.

RESULTING TRUST. *Notice. Possession. Mortgage by trustee.*

> A resulting trust in favor of a person who occupies land as a residence, in the belief that the title is in himself, will prevail over a mortgage for loaned money executed by the trustee, whose legal title is recorded.

APPEAL from the Chancery Court of Lauderdale County.
Hon. GEORGE WOOD, Chancellor.
*Thomas H. Woods,* for the appellant.

Having allowed the legal title to stand in his son's name upon the record until credit was extended upon the faith thereof, the father is now estopped to assert his secret equity against the mortgagee, who occupies the position of a purchaser in good faith. *Dickson* v. *Green,* 24 Miss. 612 ; *Nixon* v. *Corco,* 28 Miss. 414 ; *Perkins* v. *Swank,* 43 Miss. 349. The occupancy of the father was not notice of title to the mortgagee. Possession under an unrecorded deed is notice to the vendor's creditors. *Dixon* v. *Lacoste,* 1 S. & M. 70 ; *Jones* v. *Loggins,* 37 Miss. 546. But possession is not notice of a resulting trust. In the nature of things it cannot be. Notice of that kind puts a party on inquiry, which would have disclosed nothing under the circumstances of this case, as the legal title was in the son. Even if the mortgagee

had heard, in contradiction of the recorded deed, that the father's money paid for the land, that alone does not establish a resulting trust. *Walker* v. *Brungard*, 13 S. & M. 723; *Gibson* v. *Foote*, 40 Miss. 788. No title but the recorded one would have been disclosed. The bill does not present an equitable claim. This secret equity, based on undisclosed transactions long past, exclusively between father and son, and now openly asserted for the first time, in order to defeat a mortgage executed for loaned money, is a fraud, and its enforcement will be unjust.

*Frank Johnston*, on the same side.

Secret and implied equities are not favored in law, and are always reluctantly enforced against subsequent purchasers for value. It is inequitable to enforce the trust against the mortgagee under the circumstances of this case. Notwithstanding the appellee's occupancy, he permitted his son to record the legal title in his own name and act as owner. It is impossible to believe that these things were unknown to the appellee, without convicting him of unpardonable negligence, and, in either view, he cannot assert his latent equity to defeat the mortgage, with which his silence and non-action enabled the son to raise money. *Dewey* v. *Field*, 4 Met. 381; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480. A person is estopped who allows another to contract on the faith of a fact which he can contradict. *Gregg* v. *Wells*, 10 Ad. & El. 90; *Odlin* v. *Gove*, 41 N. H. 465. Silence will work an estoppel; it is not necessary for a party to act affirmatively. *Niven* v. *Belknap*, 2 Johns. 573; *Crest* v. *Jack*, 3 Watts, 238; *Keeler* v. *Vantuyle*, 6 Barr, 250; *Commonwealth* v. *Moltz*, 10 Barr, 527; *Woods* v. *Wilson*, 37 Penn. St. 379; *Miranville* v. *Silverthorn*, 48 Penn. St. 147. A person who has a claim against an estate and does not disclose it, but suffers the estate to be sold, is estopped. *Hill* v. *Epley*, 31 Penn. St. 331. It matters not that the complainant permitted this state of things ignorantly, or acted in ignorance of the title being in the son. A party's ignorance of the truth will not avail him, if it is the result of gross negligence. *Calhoun* v. *Richardson*, 30 Conn. 210; *Preston* v. *Mann*, 25 Conn. 118; *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21; *Smith* v. *Newton*, 38 Ill. 230; *Beardsley* v. *Foot*, 14 Ohio St. 414.

*Evans & Smith*, for the appellee.

The land having been purchased with the money of the appellee, a resulting trust is implied from the facts of the case. Hill on Trustees, 146, 147, notes; Story Eq. Jur. §§ 1190, 1195. Such is the rule in this State. *Runnels* v. *Jackson*, 1 How. 358; *Mahorner* v. *Harrison*, 13 S. & M. 53; *Harvey* v. *Ledbetter*, 48 Miss. 95. To the same effect are the following cases: *Murphey* v. *Sloan*, 24 Miss. 658; *Winn* v. *Dillon*, 27 Miss. 494; *Fairly* v. *Fairly*, 38 Miss. 280; *Gibson* v. *Foote*, 40 Miss. 788; *Capers* v. *McCaa*, 41 Miss. 479; *McCarroll* v. *Alexander*, 48 Miss. 128. The same rule prevails elsewhere. 4 Kent Com. 306; *Holridge* v. *Gillespie*, 2 Johns. Ch. 30; *Dovoue* v. *Fanning*, 2 Johns. Ch. 252; 1 Lead. Cas. Eq. 591; Story on Agency, 200. The appellant is not an innocent purchaser. Possession, if sufficient to put the party on inquiry, was notice of the prior equity. Adam's Eq. 375; *Harper* v. *Reno*, 1 Freem. Ch. 323. It is notice of, the occupant's title. *Dixon* v. *Lacoste*, 1 S. & M. 70; *Wilty* v. *Hightower*, 6 S. & M. 345; *Walker* v. *Gilbert*, 7 S. & M. 456; *Jones* v. *Loggins*, 37 Miss. 546; *Pope* v. *Pope*, 40 Miss. 516; *Perkins* v. *Swank*, 43 Miss. 349; *Parker* v. *Foy*, 43 Miss. 260; *Bell* v. *Flaherty*, 45 Miss. 694; *Strickland* v. *Kirk*, 51 Miss. 795.

CAMPBELL, J., delivered the opinion of the court.

The bill shows a resulting trust in favor of the complainant as to the land which is the subject of controversy, and that the complainant has had the actual occupation and exclusive dominion and control of the land since September, 1873, supposing the title to be in himself, and but recently has learned that his son, who made the investment for him, took the title in his own name instead of to the complainant, with whose money the purchase was made. The question is, whether the resulting trust in favor of the complainant, who actually occupied the land as his residence, shall prevail over the claim of the mortgagee, who loaned money and took a mortgage of the land from the son of the complainant, whose legal title was on record, at a time when the complainant was openly, notoriously and exclusively in the actual possession of the land?

The doctrine is firmly established in this State and else-where, that "open, notorious and exclusive possession of real estate, under an apparent claim of ownership, is notice to those who subsequently deal with the title, of whatever interest the one in possession has in the fee ; whether such interest be legal or equitable in its nature." Wade on Notice, § 273 ; *Dixon* v. *Lacoste,* 1 S. & M. 70 ; *Hall* v. *Thompson,* 1 S. & M. 443 ; *Wilty* v. *Hightower,* 6 S. & M. 345 ; *Walker* v. *Gilbert,* 7 S. & M. 456 ; *Jones* v. *Loggins,* 37 Miss. 546 ; *Bell* v. *Flaherty,* 45 Miss. 694 ; *Claiborne* v. *Holmes,* 51 Miss. 146 ; *Loughridge* v. *Bowland,* 52 Miss. 546. There are some exceptions to the rule as thus stated, but this case is not within any exception. Counsel for the mortgagee con-tend that it was a fraud on the part of the complainant to permit the legal title to remain of record in his son, whereby he was en-abled to obtain money on the faith of such title, and that the complainant should be estopped from setting up his secret equity against the mortgagee. The answer to this is, that the com-plainant's possession was notice of his claim, sufficient to lead to inquiry of him as to the nature of his possession, which, it must be assumed, would have led to correct information, whereby the mortgagee would have been advised of the right of the complainant, and, therefore, the mortgagee must be held to have had notice of the right of the complainant, and, having notice of such right, the claim of the mortgagee is subordinate to it. A possessor of land may be estopped under some circum-stances from claiming that his possession is notice of his claim to the land ; but the complainant in this case did noth-ing but occupy his own, — that for which his money paid, and which he supposed to have been conveyed to him. He is not estopped to claim his own against the mortgagee, who must be held to have known of his right, because she could have known by asking him, who to all appearances was owner.

*Decree overruling demurrer affirmed and cause remanded.*