ROBERT A. CLARK *v.* JOHN SLAUGHTER et al.

1. HUSBAND AND WIFE: WIFE'S POWER TO SELL HER SLAVES, HELD UNDER ACT OF '39 AND '46.—The title of a married woman to a slave held by her under the laws of this State, can only be divested in the mode prescribed by the statute; and hence, where a guardian, after the marriage of his ward, under the direction of the Court of Probates, purchased from her and her husband, her slave, at his appraised value, and, in his final settlement, charged himself with the price, and which he afterwards paid, it was held that he acquired no title.

2. SAME: SALE OF WIFE'S SLAVE BY THE HUSBAND, CONFERS TITLE ON THE DEATH OF THE WIFE, LEAVING THE HUSBAND AS HEIR.—If the husband sell a slave belonging to his wife, who afterwards dies without issue, leaving the husband her heir, the title of the purchaser to the slave will thereby become perfect.

3. STATUTE OF LIMITATIONS: AS TO A CHATTEL CONFERS TITLE.—Adverse possession of a slave for the period prescribed by the Statute of Limitations, in which a suit may be brought for his recovery, not only bars the remedy, but confers title, which the adverse holder may enforce as plaintiff, or complainant, against a person depriving him of his possession.

APPEAL from the Chancery Court of Rankin county. Hon. John Watts, chancellor.

The appellant, Clark, filed his bill in the court below against John Slaughter and his wife Martha, to recover the possession of a certain slave, which he had purchased from one Alexander, and

which, soon after the purchase, escaped, and, by fraudulent means, came into the possession of defendants and one Smith. The bill charged that Alexander had been guardian of Mrs. Slaughter before her marriage, and as such had inventoried one-half interest in said slave as her property; that he agreed with Slaughter and wife to purchase her interest in the slave at his appraised value, and in pursuance of that agreement, and by direction of the Probate Court, he made the purchase, and charged himself with the value in his final account, which was confirmed by the court, and that he afterwards paid the same; that Slaughter and wife afterwards executed to him a bill of sale, which is made an exhibit to this bill. This bill of sale, however, is not acknowledged by Mrs. Slaughter.

The defendants demurred to this bill, and their demurrer was sustained, and leave given to the complainant to amend.

An amended bill was filed, charging that, upon a division of the estate of one Smith, the father of Mrs. Slaughter, this slave was allotted to her and her sister Malinda; that Malinda married one Lawrence, between the years 1839 and 1846, and sold the one-half interest in said slave to said Alexander; that Mrs. Lawrence, prior to 1846, died childless, and that Lawrence was her heir, and that Alexander had possession of the slave after the death of Mrs. Lawrence for about ten years.

The defendants' demurrer to this bill was also sustained, and they appealed.

Clark afterwards filed his petition for leave to file a bill of review and supplement, showing that, since his bill was dismissed, he had discovered a formal deed of Lawrence and wife, duly acknowledged, conveying the slave to Alexander. He also set out the same matters in his bill of review, and also relied upon errors in matters of law in the decree accompanying his bill. This petition was allowed by the judge, and the bill filed. The defendants demurred, and their demurrer was sustained, and Clark appealed.

*George L. Potter,* for the appellant,

Cited *Osterhout* v. *Roberts,* 8 Cow. 43; *Hepburn* v. *Sewell,* 5 Har. & John. 211; Story's Eq. Pl. §§ 412, 416, 421–2.

R. A. Clark, in *propria persona,* filed an elaborate brief.

*W. C. Harper*, for appellees,

Cited *Davis* v. *Foy*, 7 S. & M. 64; *Frost* v. *Doyle*, Ib. 68; *Berry* v. *Blanks*, Ib. 77; *Sagony* v. *Bayliss*, 13 Ib. 153; *Warle* v. *Colonization Society*, 4 Ib. 670; *Muirhead* v. *Muirhead*, 8 Ib. 211; 2 Smith's Ch. Pr. 54, 64; Story's Eq. Pl. §§ 410 to 416.

FISHER, J., delivered the opinion of the court.

This was a bill filed in the Chancery Court of Rankin county, by the appellant.

The original and amended bills present this state of the case: The complainant, in the year 1855, purchased the slave in controversy, from one Isaac Alexander, and took immediate possession of the slave. It further appears, that the slave soon thereafter absconded, or escaped from the complainant; and, by some means, alleged to be fraudulent, went into the possession of the defendant, Martha Jane Slaughter, and one Smith. It further appears that Alexander was, at one time, the guardian of the said Martha Jane, then Martha Jane Kirkland, and of her sister, Malinda Kirkland; that the said Malinda intermarried with one Lawrence, and, before the year 1846, died, leaving no issue; that, during the coverture, Lawrence conveyed the slave, that is, Malinda's interest, to Alexander; under which purchase he continued to hold an undivided interest, until he sold to the complainant.

The bills further allege that the said Martha Jane intermarried with Slaughter, and that she and her husband sold her interest to Alexander, who thus became invested with the complete title to said slave. The bill of sale, evidencing this latter contract, is made an exhibit to the bill; but it is not acknowledged, as required by law, and cannot, therefore, be treated as sufficient to pass the title of the said Martha Jane. Nor do we think that the fact of Alexander's paying the purchase-money, and the probate's approval of the sale, can operate to make the contract valid, as the wife's title could only be divested by her own voluntary act in the mode prescribed by law.

But a different case is presented as to the interest of Lawrence and wife, in the slave. Upon the death of Mrs. Lawrence, without issue, her interest in the slave, if no sale had been made, would have vested in her husband; and he, having sold that interest to

Alexander, he acquired a title to that extent.   But, aside from this view, Alexander having been in possession of the slave for a sufficient length of time for the Statute of Limitations to perfect his title against Lawrence, it is almost immaterial whether Lawrence's conveyance operated only to pass such interest as he had, in right of his wife, or to pass the absolute title.   The bill, therefore, shows that the complainant acquired the interest of Lawrence and wife in the slave, and the demurrer should, therefore, have been overruled.

We have not thought it necessary to consider the case as presented by the bill of review, as the original and amended bills present a case entitling the complainant to the relief prayed for,— a sale of the slave, and a division of the money.

Nor is it necessary to decide whether the bill of review could be filed after an appeal had been perfected in the court below, as the case is before this court in virtue of the appeal prosecuted from one or the other of the decrees, as both decrees were appealed from.

Decree reversed, demurrer overruled, and defendants required to answer the original and amended bills in sixty days.