## ISAAC KAISER *v.* N. B. EARHART.

1. LAND. *Conveyance by husband before acquisition of title. Descent of title from wife. Effect as to grantee.*

   If a husband execute a deed to land of his wife and afterward the wife dies, leaving him her heir to the land, the title to the interest thus acquired by the husband inures to the benefit of his grantee. *Clarke* v. *Slaughter*, 34 Miss. 65, cited.

2. SAME. *Ejectment. Proof of heirship. Failure to raise objection in court below. Case in judgment.*

   E. and wife executed to K. a deed to certain land belonging to the wife. The wife having died, K. brought an action of ejectment against E., who pleaded the general issue. On the trial E. claimed the land as heir of his wife and introduced evidence which tended to show that at the time the deed to K. was executed she was a lunatic, and contended that the deed was, therefore, invalid. *Held*, that K. ought to prevail in his action of ejectment, although the proof does not show that E. was the sole heir, as there was no objection made thereto in the court below, and if there be other heirs their title cannot be affected by the judgment herein.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

In 1880 N. B. Earhart and his wife, Heloise Earhart, executed a deed to a certain tract of land to one Samuel Kaiser. In 1882 Mrs. Earhart died. In 1885 Samuel Kaiser conveyed this land to Isaac Kaiser, who thereupon brought this action of ejectment against N. B. Earhart for the possession of the land.

The defendant pleaded the general issue. On the trial the plaintiff introduced the deed from Earhart and wife to Samuel Kaiser and the deed from Samuel Kaiser to himself, and rested. The defendant then showed that his wife, Heloise Earhart, died in 1882, and that the land in dispute was acquired by her in 1872 and was occupied by her with her husband as a homestead up to the time of her death ; and also introduced evidence which tended to show that Heloise Earhart was a lunatic at the time of the execution of the deed to Samuel Kaiser. The jury found for the plaintiff. The court granted the defendant a new trial, and on the second trial the jury found for the defendant. The plaintiff appealed.

*D. C. Bramlett*, for the appellant.

I submit this case upon a principle of law universally recognized, and resting upon a foundation as secure as anything human can be, and that is that appellee is estopped to deny appellant's right to the possession of the land in controversy. If it be true that Heloise Earhart was a lunatic at the time of the execution of the deed to Samuel Kaiser, then appellee committed a fraud in signing her name, joining himself thereto, and delivering the deed, and he will not be permitted to assail his deed or deny it. And should the court be of the opinion that the deed as to the wife is void or voidable, then it is the deed of appellee, with warranty of title, having no title at the time, but afterward acquiring title, on the death of his wife, whose heir-at-law he is and was, and upon the instant his title passed to appellant, and appellee's deed of warranty works an estoppel against him. It is certainly unnecessary to cite authorities in support of this proposition, therefore, for convenience, I refer the court to 3 Wash. on Real Property, 4th ed., pp. 109, 118, 93, and 94. *Magee* v. *Mullen*, 1 Cush. 585, and authorities. And by his deed appellee acknowledges the receipt of two hundred and twenty-five dollars, and nowhere denies this in his testimony, and having received the purchase-money he cannot claim against his deed. See 6 Wait's Actions and Defenses 704, § 19.

*T. V. Noland* and *J. H. Jones*, for the appellee.

1. The deed was a nullity by reason of the lunacy of the wife and conveyed no interest of any one. Story on Contracts 41*a*, says, that "either lunacy or idiocy nullifies a contract."

In 9 S. & M. 103 Mr. Justice Clayton says: "The contract should be avoided on proof of mental incapacity, and that is a legal consequence, as it seems to us, depending on the discretion of no court or judge."

A deed may be shown to be void from any cause under a general plea in a court of law. 1 Chitty Pl. 519; 2 Maule & Sel. 349; Story's R. 135.

2. Plaintiff's counsel assumes that defendant was the sole heir of his wife, and that at her death he ceased to be the head of a

family. It is true the record is silent on this point, and does not disclose whether there are other heirs or not, but the fact that plaintiff did not show this all-important fact at the first trial is suggestive of the further fact that he could not show it, and this suggestion is emphasized by his *assumption* of it in his brief and the argument based on the fact so assumed.

3. The doctrine of estoppel does not apply. We have shown that the deed to S. Kaiser is *void ab initio* for all purposes, and the subsequent death of defendant's wife could not make it anything else even as to him. In *Thomas* v. *Burrus,* 1 Cush. 558, the court says the doctrine of estoppel by deed or other obligation " presupposes a valid or legal obligation," and we do not know any authority, and reason is certainly against the position, that a party is estopped by any recital contained in an instrument from showing that the instrument containing it is null and void.

In *Cummings* v. *Busby,* 62 Miss., Mr. Justice Campbell says : " The validity or invalidity of the deed of trust was determinable by the condition existing when it was executed and not by what occurred afterward."

We submit, then, that the deed being void, defendant was not estopped from showing its nullity.

COOPER, C. J., delivered the opinion of the court.

If it be conceded that the conveyance executed by the defendant and his wife was ineffectual to convey the wife's title because of her lunacy, it is yet true that the first verdict was manifestly right and should not have been set aside by the court. The conveyance was executed by the defendant, and by the death of the wife he derived either the whole or a part of her title by descent. Whatever title was thus acquired by him enured to the benefit of his grantee. *Clarke* v. *Slaughter,* 34 Miss. 65.

It is said that there is nothing in the record indicating that the husband was the sole heir-at-law of the wife, and that it devolved on the plaintiff to establish that fact to entitle him to a recovery of the property sued for. To this we reply that the point was not made in the trial below, and it is manifest that the whole contro-

versy there was as to the validity of the deeds under which the plaintiff claimed, and also that the husband claimed the possession under the descent cast on him by the wife's death. If there are other heirs of the wife their title will not be affected by the judgment· in this suit.

*The judgment last rendered is reversed, the first verdict re-established, and a judgment directed to be entered here for the plaintiff.*