D. E. EDWARDS *v.* WILLIAM HILLIER ET AL.

70    803
88    652

1. VENDOR AND VENDEE. *Bona fide purchaser. Notice to attorney.*

 A purchaser of land, having a bond for title, is chargeable with notice of an adverse claim thereto received by his agent or attorney who files for him a bill for specific performance, and who pays the purchase-money, and procures the deed.

2. ESTOPPEL. *Void sale by trustee. Discharge of incumbrance.*

 Where a husband, having conveyed land to a trustee to hold in trust for his wife, afterwards, under alleged authority from the trustee, makes an unauthorized sale thereof, the mere fact that he applied a part of the purchase-money to discharge an incumbrance on the property made by the wife, will not estop her to recover the land.

3. CHANCERY PLEADING. *Affirmative defense. Cross-bill. Subrogation.*

 In such case, the extent of the purchaser's right, if any, is subrogation to the claim of the incumbrancer, but, on a bill by the wife to cancel his claim, the right to subrogation, being affirmative, must be asserted by cross-bill. .

4. CONVEYANCE OF LAND. *Subsequently acquired title of grantor. Estoppel.*

 Where one, owning only an undivided interest in land, conveys it by a deed purporting to pass the entire interest, and afterwards acquires the

interest of his co-owner, the title thus acquired inures *eo instanti* to his grantee; and it makes no difference that his deed to the purchaser contained a misdescription of the land, this having, meantime, been corrected by decree.

FROM the chancery court of Webster county.

HON. BAXTER MCFARLAND, Chancellor.

Appellant, Mrs. D. E. Edwards, exhibited this bill July 29, 1891, against William Hillier and J. W. Hays, seeking to cancel their claims to certain land, which the bill alleges are clouds on her title. Complainant claims under a conveyance from her husband, G. W. Edwards, executed August 20, 1874, whereby he conveyed the land to one Hubbard, "in trust to protect and defend the estate granted," for his wife, the said D. E. Edwards. This conveyance authorized the said trustee, among other things, to execute any needed powers of attorney to further the purpose of the conveyance. Under color of authority thus conferred, Hubbard executed a power of attorney to G. W. Edwards, the husband and grantor, and thus the title stood until 1879, when G. W. Edwards contracted to sell the land to defendant, William Hillier, for the sum of $350, to be paid. Hillier received from Edwards his bond to make title upon the payment of said sum, and entered into possession of the land, and began to clear it for cultivation. The purchase-money was not paid, and for several years Hillier contracted to pay rent, if he should fail to pay the purchase-money, and executed notes accordingly. The rent was paid, but Hillier retained, during all of this time, his bond for title, and remained bound for the purchase-money. In 1889 he tendered to G. W. Edwards the amount thereof, and demanded a deed, which being refused, he filed a bill for specific performance. Mrs. Edwards, the appellant, was not a party to that suit. It was finally settled, and, in 1890, G. W. Edwards executed a deed to Hillier, and the note was paid to the attorney of record of G. W. Edwards. There was some testimony to show that this attorney was also the attorney for Mrs. D. E. Edwards, employed by

her to represent her interest, but as to this the evidence is contradictory. With a part of the money thus paid, the said attorney discharged a trust-deed on the land, previously executed jointly by Mrs. Edwards and her husband. In order to obtain the money so paid in purchase of the land, Hillier executed a trust-deed thereon, which was assigned to defendant, Hays.

The defense mainly relied on by Hillier is adverse possession. As to this, much testimony was taken, but in view of the admitted fact that he entered under a bond for title, and did not pay for the land and receive a deed until 1890, before which time his title could not be adverse, it is not necessary to set out the evidence as to the character of his possession.

The defendants also set up that G. W. Edwards, at the time he executed the conveyance for the benefit of his wife, the complainant, owned only a half-interest in the land, it having been devised by his father to him and his brother, E. D. Edwards, jointly. It was, however, shown that the interest of E. D. Edwards had been sold under execution, and bought by one who conveyed to G. W. Edwards in 1888, and the title thus secured the court holds inured to his wife, to whom he had previously conveyed the land. It only remains to be stated that the deed from G. W. Edwards to complainant contained a misdescription of the land, which was situated in a range different from that stated in the deed, but the evidence showed that, in a chancery suit brought by Mrs. Edwards and Hubbard, her trustee, against G. W. Edwards, this mistake had been corrected.

On final hearing, the court, being of the opinion that complainant had title to only half of the land, canceled the claims of defendants to that extent, but no further. From this decree both parties have appealed.

*Leverett & Gore* and *R. C. Beckett,* for appellant, D. E. Edwards.

It is needless to argue that the deed from G. W. Edwards

to Hubbard, in trust to protect and defend the estate, gave him no power either to sell it or to authorize another to sell it.

Prior to 1890, when Hillier paid the purchase-money and received his deed, his possession was not adverse. *White* v. *Tucker*, 52 Miss., 145.

It is immaterial whether G. W. Edwards, the common source, owned the entire interest in the land or only a half-interest. He conveyed the entire interest to his wife, and afterwards, at execution sale, obtained the interest of E. D. Edwards, his alleged co-owner. This title inured *eo instanti* to his wife. Code 1871, § 2300; Code 1880, § 1175. Besides, both parties claim from a common source, and neither can dispute its validity. *Peoples Bank* v. *West*, 67 Miss., 729.

*Fox & Roane*, for appellees, Hillier and Hays.

1. The deed from G. W. Edwards to his wife did not convey the lands in controversy. It is true she obtained a decree of court correcting the alleged misdescription, but this was a mere family affair, and these defendants were not parties to that proceeding. Besides, Hillier had purchased the land before that decree was rendered, and was in possession under his contract. He had also made a tender of the purchase-money, and demanded a deed, and, this being refused, had filed his bill for specific performance.

2. The conveyance to Hubbard in trust for Mrs. Edwards, conferred on him power "to do every act which Hubbard could do if personally present." The legal title was in Hubbard. He had the power of sale, and granted that power to Edwards, who sold to Hillier. We think the evidence shows that Mrs. Edwards herself received the purchase-money. Certainly a part of it went to discharge an incumbrance on the land. She is, therefore, estopped to set up against Hillier and Hays any title she may have.

3. The evidence fairly establishes adverse possession in Hillier for more than ten years before the suit was begun. Certainly either he or Edwards, his grantor, was in possession,

and the possession of either is effectual. Since defendant, Hillier, relies on adverse possession, he is not estopped to deny the title of G. W. Edwards as being the source of his title.

COOPER, J., delivered the opinion of the court.

The evidence is insufficient to establish an adverse possession by the defendant, Hillier for the time required by law to perfect his title, and so the chancellor held, in which conclusion we concur. We also concur with him in the view that no sufficient evidence appears by reason of which Mrs. Edwards should be estopped from asserting her title to the land sued for. The attorney of Hillier, to whom the settlement of the controversy between Hillier and G. W. Edwards was intrusted, and who paid the purchase-money for the lands, and received the conveyance from G. W. Edwards, testified in this cause that he knew that Mrs. Edwards then claimed to own the land. Why, under such circumstances, he accepted a conveyance from G. W. Edwards, is not explained. But Hillier is certainly bound by the notice which was given to his agent and attorney. The mere fact that a part of the purchase-money went to discharge an incumbrance on the land executed by her, the payment being made by her husband, does not estop her to claim the land. The extent of the right of the purchaser, Hillier, if any, would be to secure subrogation to the claim of the mortgagee, whose debt was paid; but this relief is affirmative in its nature, and there is no cross-bill in the cause under which it could have been awarded by the court.

Upon the appeal of Mrs. Edwards, the decree must be reversed. By his conveyance to Hubbard, the trustee for Mrs. Edwards, G. W. Edwards attempted to convey the entire interest in the land. There was a misdescription as to the range in which the land lies, but this was corrected by a decree of the chancery court before G. W. Edwards conveyed the land to Hillier. If it be true that, when he made the con-

veyance to Hubbard, he only owned an undivided one-half interest in the land, and afterwards acquired the other interest under execution sale against the owner, his brother, the title so secured passed *eo instanti* under his former conveyance. *Kaiser* v. *Earhart,* 64 Miss., 492; *McInnis* v. *Pickett,* 65 *Ib.,* 354; *Bramlett* v. *Roberts,* 68 *Ib.,* 325. There was therefore no title to any interest in the land in him at the date of the conveyance to Hillier.

*The decree is affirmed on the appeal of the defendants, and reversed upon that of the complainant.*