## BILES *v.* WALKER.

[83 South. 411, In Banc. No. 20912.]

1. APPEAL AND ERROR. *Court in determining the correctness of the decree of the lower court will accept the evidence of the successful party.*

Where there is a conflict in the evidence the supreme court on appeal will acept the evidence of the successful party and determine from that as to whether or not the chancellor's decree will be upheld.

2. VENDOR AND PURCHASER. *Bona-fide purchaser.*

Under the facts in this case as set out in its opinion the court held that there was sufficient to put the defendant on inquiry and that he was not a bona-fide purchaser for value without notice.

3. PRINCIPAL AND AGENT. *Knowledge of purchaser's agent as to title is knowledge of purchaser.*

Notice or knowledge by an agent who is examining the title or making a purchase for a principal acquired at such time, is notice to and equivalent to knowledge by such buyer.

4. ESTOPPEL. *Giving agent apparent title to property not to be urged by purchaser with knowledge.*

The rule that equity will not relieve the principal who has voluntarily placed the title to his land in his agent, where another must suffer by reason of such fraudulent act does not apply where the purchaser had knowledge of all the facts, or sufficient facts which, if followed up, would place him in possession of all the facts as to the real ownership of land.

5. ESTOPPEL. *That purchaser took land in name of agent in order to sell more readily for better price not in itself fraudulent.*

The fact that a real estate agent took the title to purchased land in the name of his agent solely for the reason that he could more readily sell the property, or sell it at a better price than if in his own name, was not in itself unlawful, or fraudulent.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

Suit by U. S. Biles against E. Y. Walker. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*McGehee, Livingston & Farrabough* and *Wilson & Armstrong,* for appellant.

*J. B. Harris,* for appellee.

ETHRIDGE J., delivered the opinion of the court.

Biles filed suit in the chancery court against E. Y. Walker to cancel a claim of E. Y. Walker to certain lands deeded to the appellee by one West, the former employee of Biles, conveying a half section of land worth approximately twelve thousand dollars for the sum of two thousand dollars and the assumption of a mortgage outstanding against the lands for two thou-

sand, five hundred dollars. The bill alleged that the property belonged to Biles, and that the title had been vested in Wilroy as an employee and agent of Biles, and that the property had been conveyed to West, another agent and employee of Biles, and that after West quit the employment of Biles the property was reconveyed to Biles by West, but the deed was not placed of record, but complainant was under the impression that it was of record until recently, and after said conveyance by West to Biles, West attempted to convey the property to E. Y. Walker, the appellee; that the pretended deed from West to Walker was dated the 6th day of July, 1918, and that West well knew that he had no title, and it further charges that Walker knew that West had no title, and was acquainted with the fraud attempted to be practiced upon Biles by West, and alleged that the said deed from West to Biles, reconveying the property, was lost; afterward this unrecorded deed from West to Walker was found, and an amended bill was filed, to which the deed was made an exhibit. Walker filed an answer, denying any knowledge of Biles' title, setting up good faith on her part in said transaction. The contract between Walker and West was made in July at which time Walker sent a check for one hundred dollars to West, which check was paid subsequent to the filing of the suit and *lis pendens* notice, but prior to service of process. After service of process further payment of $100 was made to West by Walker, but a deed was entered into, dated and acknowledged on the 6th day of July, 1918, acknowledged before a notary public of Warren county, and filed for record on the 9th day of July, 1918. The chancellor decreed for the defendant, and the question before us for decision is whether the facts warranted the chancellor's decree. As there was some conflict in the evidence, we must accept the evidence of the defendant,

and determine from that whether or not the chancellor's decree must be upheld.

It appears that J. C. Walker, the husband of E. Y. Walker, conducted all the negotiations with West and made the payments for E. Y. Walker and examined the records, acting for her in the premises prior to the filing of the suit. It appears from the evidence of J. C. Walker that he made an examination of the records to determine the title before buying the land, and in this examination he saw the deed of trust executed by Biles to the National Insurance Company, which had been recorded, in which deed of trust Biles was conveying the land in suit to secure an alleged debt due the insurance company. It further appears that Walker had a conversation with West over the telephone in reference to the deal between West and Walker, in which West stated that he was anxious to sell the property, as he needed the money, and that he feared that Biles would tie the property in the chancery court. It further appears that Walker had knowledge of another transaction, relating to other land between West on one side and Biles and the bank on the other, in which the bank's interest was derived through Biles, which suit was compromised. It further appears that Walker knew that West had formerly been employed by Biles, and that this last suit grew out of a similar transaction, in which West had sold certain land near Shaw, Miss. It further appears that West had been in financial trouble after his severance of his relations with Biles, and this was known to Walker. It will be noted that Walker had sold the property for forty dollars an acre, amounting to about twelve thousand dollars, and that the land in reality was worth that much, whereas he bought the land from West under the circumstances related for approximately one-third of its real value. Taking all these facts together, we think they were sufficient to cause a reasonably prudent man to halt

and investigate before going further, and under the circumstances the defendant was not a *bona-fide* purchaser for value without notice. *Stovall* v. *Judah,* 74 Miss. 747, 21 So. 614; *Rowan* v. *Adams,* Smedes & M. Ch. 45.

Notice or knowledge by an agent who is examining the title or making a purchase for a principal, acquired at such a time or while he is investigating the title, is notice to and equivalent to knowledge by such buyer. *Edwards* v. *Hillier,* 70 Miss. 803, 13 So. 692; *Ross* v. *Houston,* 25 Miss. 591, 58 Am. Dec. 231; *Baldwin* v. *Anderson,* 103 Miss. 462, 60 So. 580; *Buck* v. *Paine,* 50 Miss. 648; *Parker* v. *Foy et al.,* 43 Miss. 260, 5 Am. Rep. 484.

It is contended by the appellee that the fact that Biles had the property conveyed to his agent instead of to himself is such an act on his part as constitutes a fraud upon the purchaser, and that equity will not relieve a person who has voluntarily placed his title in a third person where a fourth person must suffer loss by reason of his act, and rely upon Pomeroy's Equity Jurisprudence, vol. 2, section 278, 16 Cyc. 773, 10 R. C. L. 788, section 102, and various other authorities to support the contention of the appellee. Whenever a person for fraudulent purposes places the title of his property with a third person, or does an affirmative act for the purpose of misleading, or places it for the purpose of concealing it from his creditors, the doctrine would apply, but it would not apply in a case like the present one, where the buyer had knowledge of all facts or of sufficient facts which, if followed up, would place him in possession of all the facts. Equity will not grant relief to a person who is guilty of fraud in any part of a transaction involved in a suit, but the only evidence in the record before us of a reason for placing title as it was placed is that Biles could more readily sell the property, or could secure a better price

for the property than he could if it was in his own
name.   This is not unlawful, or fraudulent, within
itself, and it is clear from the whole record that Walker
is not an innocent purchaser, but, on the contrary, had
sufficient facts to convince a reasonably prudent person
that there was some right to this property in Biles.

The judgment of the lower court must be reversed,
and the cause remanded, with directions to grant the
relief prayed for.

*Reversed and remanded.*

SYKES, J., being disqualified, took no part in the deci-
sion of this case.